CARTER *v.* CARTER.

No. 15717.   FEBRUARY 6, 1947.

*John H. Hudson* and *J. Walter LeCraw,* for plaintiff.

*Edward B. Lovell* and *Alta Peterson,* for defendant.

ATKINSON, Justice. While a decree in another State awarding the custody of a child to the father is conclusive as between the parties to the decree, as to the right and fitness for such custody at that time (*Woodland* v. *Woodland,* 153 *Ga.* 202, 111 S. E. 673), yet such a judgment rendered without jurisdiction of the mother may be collaterally attacked without offending the full faith and credit clause of the Constitution of the United States. *Marchman* v. *Marchman,* 198 *Ga.* 739 (32 S. E. 2d, 790).

"In all cases where the custody of any minor child or children is involved between the parents, there shall be no prima facie right to the custody of such child or children in the father, but the court hearing such issue of custody may exercise its sound discretion, taking into consideration all the circumstances of the case, as to whose custody such child or children shall be awarded, the duty of the court being in all such cases in exercising such discretion to look to and determine solely what is for the best interest of the child or children, and what will best promote their welfare and happiness, and make award accordingly." Code, § 74-107.

The pleadings and evidence in the present case show that the child was in Georgia in the custody of his mother—where he had been for approximately two years with the exception of two or three days during which the father had surreptitiously taken the child out of this State—at the time the proceedings in South Carolina were instituted. No claim is made that the mother was served in South Carolina.

"The authority of a court to issue and serve process is restricted to the territory where issued, and the court has no power to require persons not within such territory to appear." *Milner* v. *Gatlin,* 139 *Ga.* 109(2b) (76 S. E. 860); *McAlhany* v. *Allen,* 195 *Ga.* 150 (5b) (23 S. E. 2d, 676), and cases cited.

Under the preceding rulings as applied to the pleadings and the evidence in this case, the Domestic Relations Court of Charleston

was without jurisdiction. In the instant case there was ample evidence to show that the mother was a proper person to retain the custody of her child, and it does not appear that the trial judge abused his discretion in so awarding such custody.

*Judgment affirmed. All the Justices concur.*