23206. LOCKE v. LOCKE.

SUBMITTED NOVEMBER 9, 1965—DECIDED DECEMBER 8, 1965—
REHEARING DENIED DECEMBER 20, 1965.

*Mitchell & Mitchell, James M. Barnes,* for appellant.
*Walter H. Bolling,* for appellee.

GRICE, Justice. The controlling issue here is whether the trial court had jurisdiction of a proceeding seeking to change the custody of a minor child. The petition was filed in the Superior Court of Whitfield County by the child's father, Richard Clay Locke, against the mother, Ruby Beaver Locke. The allegations, insofar as material here, follow.

The father resides in Whitfield County, Georgia. The mother is a resident of Hamilton County, Tennessee. She is represented in the matter of custody and visitation of the child by a named attorney on whom service may be perfected. The Superior Court of Whitfield County awarded her custody of the child, with general visitation rights to the father, when the parties obtained a divorce. The decree contained no inhibition against removing the child from this State. Subsequently the mother moved to Tennessee. She refuses to permit the father to have any visitation rights whatever with the child. As to changed conditions, he alleged the denial of his visitation rights, care and supervision of the child by others at times due to the mother's employment, and his suitable home for it.

By amendment the father recited that in addition to service upon the mother's attorney, service could be perfected upon the mother pursuant to *Code* § 3-206, which provides for service of a nonresident passing through or sojourning temporarily in this State, and prayed for such service. Also, he alleged that he now had physical custody of the child, so it was within the court's jurisdiction.

To the amended petition the mother interposed a plea to the jurisdiction and, expressly not waiving such special appearance, also interposed general and special demurrers, including those asserting that lack of jurisdiction appeared upon the face of the petition. All of the demurrers were overruled.

Subsequently, the trial judge consolidated for hearing the instant case brought by the father with another case previously filed by the mother, in which she sought to recover the child after the father had allegedly gone to Tennessee and removed it from her custody.

Upon the hearing the mother's plea to the jurisdiction was dismissed and custody was awarded to the father.

While error is also enumerated as to denial of the plea to the jurisdiction and as to the award of custody, under our view it is necessary only to deal with the overruling of the general demurrers asserting lack of jurisdiction. The issue made by those demurrers is decisive.

Vitally significant here are the allegations of the petition that after obtaining a decree from the Georgia court awarding the mother custody without any inhibition against removal, she established residence in Tennessee. Because of those facts alone the father's petition, filed in the Georgia court, seeking to change that custody cannot be entertained.

This same situation was dealt with by this court in *Stallings v. Bass*, 204 Ga. 3 (48 SE2d 822), wherein it was held (two Justices dissenting) that "Where a final divorce decree awarding custody of minor children has been entered in Georgia, which decree contains no inhibition against removing the children from the jurisdiction of this State, and subsequently to such decree one of the parents to whom custody of a minor child has been awarded establishes residence in a foreign State, such foreign State acquires jurisdiction over any new questions concerning the custody, control, and general welfare of said minor child; and the courts of this State, therefore, have no jurisdiction to entertain a petition brought by the other parent to modify the original decree, so as to deprive the nonresident parent of custody of said child, based upon allegations of unfitness of said nonresident parent to retain such custody." In so holding, this court further stated, ". . . the parties themselves could not by consent confer such jurisdiction upon our courts."

The opinion relied upon *Milner v. Gatlin*, 139 Ga. 109 (2) (76 SE 860), observing that there this court "in principle passed upon the precise question although under somewhat different circumstances." The opinion then held that under the ruling in the *Milner* case, supra, the Georgia court in the case before it *"has lost jurisdiction of the res*, that is, as set forth in that decision, it retains no jurisdiction to 'fix the domestic status of the child,' after it and its parent by becoming domiciled in another State, had become subject to the jurisdiction, rules and

the law of the foreign State governing such matters, the parties themselves could not by consent confer jurisdiction upon our courts. Therefore, the ruling in the above quoted case controls in principle the question now before us." P. 7. The *Milner* case, supra, is full bench.

Accordingly, it was error to overrule the demurrers raising the issue of jurisdiction. It is thus unnecessary to consider the subsequent denial of the plea to the jurisdiction and the award of custody.

*Judgment reversed. All the Justices concur, except Mobley, J., not participating for providential cause.*