26280.   VAN GORDER v. VAN GORDER (now Snyder).

SUBMITTED JANUARY 14, 1971—DECIDED JANUARY 29, 1971.

*Preston L. Holland,* for appellant.

*Miles Sams,* for appellee.

GRICE, Justice. This appeal is from the sustaining of a plea to the jurisdiction of a petition seeking modification of a decree involving custody of minor children.

The petition was filed in the Superior Court of Clayton County by the father, Richard F. Van Gorder, against the mother, Frances A. Van Gorder. It alleged, in substance, that since the original decree a change of condition has taken place which affects the children's welfare because the mother has been living with a married man in their presence; that she has carried them out of the state and refuses to let him see them; that they were allowed to return to this state to see him and are now in his custody for this purpose; that she has demanded their return and is threatening to carry them out of the jurisdiction of the court and will do so unless restrained; and that the oldest child has expressed the desire to and has elected to live with him. Prayers of the petition were for rule nisi, granting of custody to him, relief of child support and general relief.

The trial court ordered that a copy of the petition be served upon the mother "as by law provided in such matters"; that rule nisi issue on a certain date; and that the mother be restrained from removing the children from its jurisdiction. Service on the mother was by certified mail of a copy of the petition and rule nisi with return receipt requested, and acknowledgement of receipt was returned.

To this petition the mother filed a plea to the jurisdiction. It asserted, insofar as necessary to state here, the following: that the Superior Court of Clayton County has no jurisdiction over her because she is a resident of the State of California; that the children are also residents of that state; that their custody was placed in her by the Superior Court of Clayton County and has so re-

mained; that they have lived in California for more than a year and are not subject to the Superior Court of Clayton County. The plea also averred that she has not been properly served in that she received only a copy of the purported petition without any case number on it and that she is not subject to service by publication in this matter.

The parties entered into a stipulation of facts for trial of this plea, including the method of service upon the mother. Under our view of the case, it is not necessary to recite the contents of the stipulation.

Thereupon, the trial court entered an order which sustained the plea and dismissed the petition. In doing so it declared that a new petition should be filed and the mother served at her place of residence.

The sustaining of this plea, as we regard it, was correct.

As we view the issue it is controlled by the decision of this court in *Locke v. Locke,* 221 Ga. 603 (146 SE2d 273) (one Justice absent). The facts there are the same in principle as those here. In the *Locke* case the issue was determined by demurrers to the petition.

There we said: "Vitally significant here are the allegations of the petition that after obtaining a decree from the Georgia court awarding the mother custody without any inhibition against removal, she established residence in Tennessee. Because of those facts alone the father's petition, filed in the Georgia court, seeking to change that custody cannot be entertained." P. 605.

The court in the *Locke* case compared the situation there with the one in *Stallings v. Bass,* 204 Ga. 3 (48 SE2d 822) and *Milner v. Gatlin,* 139 Ga. 109 (2) (76 SE 860) (two Justices dissenting). That opinion, in quoting approvingly from *Milner v. Gatlin,* supra, which is full bench, said that the Georgia court in the case before it *"has lost jurisdiction of the res. . ."* P. 605.

The disposition which we have made thus renders it unnecessary to make any ruling as to the attempted service upon the nonresident mother.

*Judgment affirmed. All the Justices concur.*