26525. LEATHERS v. KLEBOLD et al.

ARGUED MAY 10, 1971—DECIDED JUNE 2, 1971.

*Walter V. Beasley, Charles O. Baird, Jr.,* for appellant.

*Arnall, Golden & Gregory, Alexander Cocalis,* for appellees.

GRICE, Justice. This controversy is over the right to administer funds for the benefit of a mentally incompetent person.

The litigation began when Robert S. Klebold, as guardian of the person of his mother Lucy Leathers Lindblad, and First National Bank in Dallas, as guardian of her estate, (hereinafter referred to as plaintiffs) filed in the Superior Court of Fulton County their complaint against S. T. Leathers (hereinafter referred to as defendant).

Count 1 alleges in essential part as follows: that the plaintiffs were appointed as such guardians in Probate Court No. 2 in and for Dallas County, Texas, copy of order attached, in proceedings contested by the defendant; that plaintiffs believe that the defendant has in his possession or control property belonging to the estate of the incompetent; that by said order of that court the defendant was required to account for and forward to the plaintiff estate guardian all assets in his possession or control comprising her estate, or to show cause to the contrary; that the defendant failed to do so; that the plaintiff guardians have immediate and urgent need for funds to care for the incompetent; and that unless the aforesaid order becomes a judgment of the Superior Court of Fulton County, Georgia, to be enforced here. the incompetent will suffer harm. This count prays. insofar as necessary to recite here. that the Texas court order become the judgment of the Georgia

court; that it be enforced here; for rule nisi; and for general relief.

Count 2, except for making the Texas order the judgment of the Georgia court, incorporates all of Count 1 and alleges that the incompetent will suffer harm unless a receiver is appointed to marshal her assets, and to account for and forward them to the plaintiff guardians. This count prays that a receiver be appointed as to such assets; that rule nisi issue as to such receivership; and for general relief.

To Count 1, the defendant responded, insofar as necessary to recite here, as follows: that he denies that either of the plaintiffs is a guardian for the incompetent; that the Texas court never has had any jurisdiction over him; that he is in possession and control of the property of the incompetent but avers that he is trustee for her trust estate, copy of trust agreement attached; that the trust is in full force and effect; that he has failed to account for and forward such assets to the plaintiff estate guardian, or to show cause, because the Texas court has no jurisdiction over him, and the trust does not obligate him to do so; that he has forwarded to said guardian all requests for funds made by it, but no accounting has been made by it therefor; and that the incompetent will not suffer if the Texas judgment is not made the judgment of the Georgia court.

To Count 2, the defendant denied the same allegations that it denied as to Count 1 and avers that he has forwarded to said guardian all requests made by it for funds, but that no accounting has been made by it therefor.

Count 3 of the complaint, added by amendment, incorporates all of Count 1, except for making the Texas judgment that of the Georgia court, and avers that the purported trust agreement referred to in the answer of the defendant is by its terms to be construed pursuant to the law of the State of Florida; that it is invalid as expressed in Hanson v. Denckla, (Fla.) 100 S. 2d 378 (rev'd on other grounds, 357 U. S. 235), in that the trust shows on its face that it is illusory. This count prayed, in substance, that the trust agreement be declared invalid; that a receiver be appointed; that rule nisi issue; and for general relief.

To Count 3, no answer was interposed.

The plaintiffs served interrogatories upon the defendant, to

which he urged objections, to wit: that they were premature; that the matters inquired into were privileged; and that the documents and information called for were privileged and improperly requested.

The defendant submitted certain affidavits for use upon any hearing. These related to the execution of the trust agreement relied upon by him, the incompetent expressing objection to her son being named as trustee, the defendant being a nonresident of Texas and therefore the Texas court not having jurisdiction over him, the trust agreement being in full force and effect, and his having forwarded all requests for funds to the plaintiff estate guardian but with no accounting therefor.

Thereupon, the plaintiffs moved for judgment on the pleadings as to Counts 1 and 2 of the complaint, pursuant to Section 12 (c) of the Civil Practice Act (*Code Ann.* § 81A-112 (c)), requiring the defendant to account for and forward to them assets comprising the incompetent's estate held by the defendant; and for summary judgment as to Count 3 of the complaint, pursuant to Section 56 of the Civil Practice Act (*Code Ann.* § 81A-156), in that the purported trust is invalid under the law of the state expressly governing construction thereof, as supported by an exemplified copy of the decision of the Florida Supreme Court in the case of Hanson v. Denckla, 100 S. 2d 378, supra, controlling as to the validity of the trust instrument.

Thereafter, the trial court entered an order which recited that it had considered evidence with regard to all matters presented, and declaring that it sustained the plaintiffs' motion for judgment on the pleadings as to Counts 1 and 2, and for summary judgment as to Count 3 of the complaint. This judgment overruled the defendant's objections to the plaintiffs' interrogatories, made the order of the Texas Probate Court the judgment of the trial court and declared the trust agreement invalid.

The appeal is from this judgment.

■ Since the trial court considered evidence with regard to all matters presented, we conclude that all three of the motions were treated as for summary judgment, and were disposed of as provided in Sec. 12 (c) of the Civil Practice Act. This was proper.

■ As we view this record, the basic issue is whether the Texas

judgment is entitled to full faith and credit under the United States Constitution (Art. IV, Sec. I).

The defendant contends that it is not so entitled because the Texas court lacked jurisdiction over him. In this connection he urges that while he appeared there, it was only a special appearance. Consequently, he insists that the judgment did not bind him as to the guardianship appointments of the plaintiffs, or as to requiring him to collect and forward the incompetent's assets to them.

We cannot agree. We regard the appearance as a general one.

Under Texas law a special appearance "shall be made by sworn motion filed prior to the plea of privilege or any other plea, pleadings or motions . . . Every appearance prior to judgment not in compliance with this rule is a general appearance." Texas Rules of Civil Procedure Ann., Rules on Special Appearances, Rule 120 (a). Here no such prior motion was filed.

Furthermore, the evidence shows that the defendant in his appearance filed a document entitled "Contest to Application for Guardianship by Robert S. Klebold." By this he opposed Klebold's appointment and sought it for himself. The allegation made there as to lack of venue and jurisdiction was not as to the defendant, but was as to "the person and estate of Lucy Leathers Lindblad."

Since this was a general appearance, it was to the merits of the proceeding. Therefore he admitted jurisdiction, and it is binding upon him now.

For these reasons, the Texas judgment is entitled to full faith and credit for enforcement here in Georgia.

■ The second controlling issue is whether the trust relied upon by the defendant is valid. In his answers he seeks to justify his failure to turn over all of the incompetent's assets to the plaintiffs upon its continued efficacy. The plaintiffs in their pleadings assert that it is invalid under Florida law, which governs, as manifest from Hanson v. Denckla, 100 S. 2d 378, supra, in that the instrument is illusory. A copy of the opinion in that case was placed in evidence.

No evidence to the contrary was produced by the defendant at the hearing to refute the Hanson case, supra. None was offered to show that the settlor, in this document, by its terms, did not

maintain day-to-day control over the trust assets and did not reserve such cumulative power so as to bring it within the holding in the Hanson case and others.

The District Court of Appeal case of Lane v. Palmer First Nat. Bank &c. Co. (Fla.) 213 S. 2d 301, relied upon by the defendant in this court, was not presented to the trial court for consideration. It does not militate against the Hanson case, supra. Nothing in the affidavits submitted by the defendant bears upon the factors in issue.

■ Upon consideration of the foregoing motions, we hold that the trial court properly granted them since there was no genuine issue of material fact and the plaintiffs were entitled to judgment as a matter of law.

■ Also, the trial court properly made the Texas Probate Court order the judgment of the Superior Court of Fulton County, Georgia.

■ The final issue relates to the defendant's objections to the plaintiffs' interrogatories. The contentions that these call for responses which are privileged, confidential and premature are clearly without merit.

*Judgment affirmed. All the Justices concur.*