## 28114. PAINTER v. PAINTER.

INGRAM, Justice. The appellee wife filed a complaint in the Superior Court of Whitfield County against the appellant husband which she designated as a complaint for child support and child custody. She did not seek a divorce and, as a subsequent statement of the evidence will disclose, she did not do so because she had not been a resident of Georgia for six months prior to filing the complaint. In the complaint, it was alleged that the wife was a resident of Whitfield County, that the minor child of the parties was residing with her but that her husband (and father of the child) was a resident of Bradley County, Tennessee. The wife sought service of her complaint by publication.

The husband filed a plea to the jurisdiction and made a special appearance for the purpose of asserting this defense. No other pleadings were filed in his behalf. At the hearing the trial court found "the evidence presented established without dispute that: (1) the plaintiff had not been a resident of the State of Georgia for a period of six months prior to filing her petition; (2) that the place of residence of the defendant was Bradley County, Tennessee; (3) the domicile of the parties and the minor child prior to the separation was Bradley County, Tennessee; and (4) the defendant does not own property in the State of Georgia." The evidence also established that the husband (and father of the child) had "objected to his child leaving" Bradley County, Tennessee. Additionally, the wife testified that her husband had not voluntarily relinquished control of the child to her.

The trial court ruled that a judgment could not be entered against the husband for child support because there had been no personal service on him but that, nevertheless, the court had jursidiction to pass on the custody of the minor child under Code Ann. § 74-107 and custody was awarded to the mother. The father's appeal to this court, complaining that his plea to the jurisdiction should have been sustained, presents for decision the question whether the trial court had jurisdiction to make an award of custody in this case.

It is significant that the only relief granted by the trial court was that of custody. If the court had jurisdiction to award custody, it was founded solely upon the mother's newly established residency in Whitfield County and the physical presence of the child before the court. This necessarily follows because the trial court did not otherwise have jurisdiction as in a divorce case

where the matter of custody could be treated as an incident to the divorce issue. "Every State has the right to determine the marital status of its citizens, and the right to make such decision draws to it the right to dispose of all ancillary matters, such as the custody and support of children when the marital relation of the parties is dissolved." *Milner v. Gatlin,* 139 Ga. 109, 112 (76 SE 860). However, the custody issue here was not collateral to a complaint for divorce in which the court had in rem jurisdiction over the res of the marriage. See *Brandon v. Brandon,* 154 Ga. 661, 667 (115 SE 115). Therefore, the case of *Hicks v. Hicks,* 193 Ga. 446 (18 SE2d 754)—holding that in a divorce case where the father is a nonresident served by publication, the court may, nevertheless, award custody of the minor, as between the parents, when such minor is before the court—is not applicable to the facts of the present case. The trial court here correctly ruled that it had no jurisdiction to enter an award for child support (alimony) because of a lack of personal service on the defendant. See, also, *Slowik v. Knorr,* 222 Ga. 669, 671 (151 SE2d 726).

In *Locke v. Locke,* 221 Ga. 603 (146 SE2d 273), the mother of a minor child whose custody had been awarded to her in a divorce proceeding in the Superior Court of Whitfield County moved to Hamilton County, Tennessee. The child's father continued to live in Whitfield County and while the child was visiting him there sought to change the custody of the child through proceedings in superior court. He alleged that he now had physical custody of the child so that the cause was within the court's jurisdiction. The mother filed demurrers asserting lack of jurisdiction but the trial court overruled her contentions and awarded custody to the father. This court, on appeal, relying on *Stallings v. Bass,* 204 Ga. 3 (48 SE2d 822), and the earlier case of *Milner v. Gatlin,* 139 Ga. 109, supra, held that the trial court had no jurisdiction because the child and the parent having custody of the child had become residents of another state. The mere physical presence of the child before the Georgia court was found insufficient to confer jurisdiction. See, also, *Van Gorder v. Van Gorder,* 227 Ga. 255 (179 SE2d 750).

Custody of the minor child here involved cannot be determined through the present proceedings for legal control of the child brought by the mother against this nonresident father. The fatal infirmity is that this is an in personam action employing substituted service on the father. As said by this court in *Otwell*

*v. Otwell,* 228 Ga. 172 (184 SE2d 461), "Substituted service as to the issue of custody is not valid. Personal service is required." Code Ann. § 74-107, gives discretion to the "court hearing such issue of custody" to make an award between the parents consistent with the best interests of the minor. The court must first have jurisdiction to hear the issue of custody before the discretion authorized in this statute can be exercised. The statute itself confers no jurisdiction on the court. By its terms, the statute presupposes that jurisdiction first exists for the hearing before the statute becomes applicable. We, therefore, conclude the trial court had no jurisdiction to make an award of custody in this case. The single issue of custody was not properly before the court and it was not collateral to any other issue over which the court had jurisdiction.

We note, however, that if this nonresident father had been sojourning in this state and personally served while here, the present action apparently would lie for alimony and custody under the authority of *Ward v. Ward,* 223 Ga. 868 (159 SE2d 81). Since these elements were not present in this case, the judgment of the trial court overruling the appellant's plea to the jurisdiction must be reversed.

*Judgment reversed. All the Justices concur.*

SUBMITTED JULY 20, 1973 — DECIDED OCTOBER 4, 1973.

*Mitchell, Mitchell, Coppedge & Boyett, Warren N. Coppedge, Jr.,* for appellant.

*McDonald, McDonald & McDonald, Crawford McDonald,* for appellee.