51033. GREEN ACRES DISCOUNT, INC. v. FREID & APPELL, INC.
51034. GREEN ACRES OF MILLEDGEVILLE, INC. v. FREID & APPELL, INC.

ARGUED SEPTEMBER 9, 1975 — DECIDED SEPTEMBER 24, 1975.

*G. Hughel Harrison,* for appellants.

*Adams, O'Neal, Hemingway, Kaplan, Stone & Brown, Robert F. Hershner, Jr.,* for appellee.

DEEN, Presiding Judge.

Article IV, Sec. 1 of the Constitution of the United States provides that full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. To this end, Code Ann. § 110-501 provides: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside."

It has been held that a collateral attack upon a foreign judgment for want of jurisdiction is not barred by the Full Faith and Credit Clause of the Constitution. *Carter v. Carter,* 201 Ga. 850 (41 SE2d 532). This broad and general statement is, however, subject to exceptions. When a party is personally served he is subject to the in personam jurisdiction of the courts of a foreign state and cannot collaterally attack a judgment of such court. *Drake v. Drake,* 187 Ga. 423 (5) (1 SE2d 573). When a party appears and defends, the judgment of a court, regular upon its face, may not be attacked in the courts of this state. *Stolaman v. Stolaman,* 220 Ga. 799 (142 SE2d 70). And where the question of jurisdiction is raised in the

foreign court and decided adversely to a party, he may not collaterally attack this determination. *Connell v. Connell,* 119 Ga. App. 485 (2) (167 SE2d 686).

Turning to the facts of the case sub judice, appellant was not personally served in New York but rather process was served by virtue of that state's "long-arm" statute. And while appearance in the foreign court is a waiver of the defense of lack of personal jurisdiction, if it is a "special appearance," made to contest that court's jurisdiction over the person or the party, there is no waiver. *Leathers v. Klebold,* 227 Ga. 683 (182 SE2d 423). New York law apparently provides for such "special appearances" and the appellants satisfied those statutory requirements; there was no waiver of the defense by the appellants. *Leathers v. Klebold,* 227 Ga. 683, supra.

The record however reveals that the issue of personal jurisdiction was raised by the appellants in the New York court and it was resolved against them, that court finding jurisdiction based upon the transaction of business in New York. The Supreme Court of the United States has noted that "a judgment is entitled to full faith and credit — even as the question of jurisdiction — when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment." Durfee v. Duke, 375 U. S. 106, 111. We find Baldwin v. Iowa State Traveling Men's Assn., 283 U. S. 522, a case remarkably similar to that here under review, to be most persuasive. There a defendant made a special appearance to contest personal jurisdiction, was fully heard, was overruled as to this objection and took no further part in the case or sought review of the adverse ruling. Upon these facts the Supreme Court of the United States held that the judgment entered against the party on the merits was res judicata with regard to the jurisdictional issue and not subject to collateral attack on that ground when sued upon in another state.

Georgia has aligned herself with these Supreme Court cases on this issue. "Where the question as to the jurisdiction of the court depends merely upon the existence or non-existence of a fact, and the judgment is otherwise regular, and the court otherwise a court of

competent jurisdiction, it is to be presumed that the court found facts to exist such as warranted its assuming jurisdiction, and such finding of fact cannot be collaterally attacked." *Churchwell Bros. Const. Co. v. Archie R. Briggs Const. Co.,* 89 Ga. App. 550, 554 (80 SE2d 212). The record here reveals that the appellants were not personally served nor did they waive their in personam defense. It does reveal however that the issue was raised and decided adversely to them by a court of otherwise competent jurisdiction. We therefore hold that the judgment of the New York court is conclusive, is res judicata and may not be collaterally attacked. Code Ann. § 110-501. It was not error for the trial court to strike appellants' defense of lack of personal jurisdiction. *Connell v. Connell,* 119 Ga. App. 485 (2), supra.

*Judgment affirmed. Evans and Stolz, JJ., concur.*