## 30538. WORD v. WORD.

JORDAN, Justice.

Appellant, Sarah E. Word, a resident of the State of Alabama, filed a petition for contempt on July 8, 1975, in Carroll County Superior Court against her former husband for violation of certain visitation rights of their minor child, Jeff Word. Pursuant to a divorce decree on August 20, 1974, in Carroll County Superior Court, appellant had been granted custody of the three minor children including Jeff, after which she and the children moved to Alabama. While in the courthouse awaiting the hearing upon her petition, appellant was personally served with a cross complaint for modification and change of condition filed by her former husband. Appellant made a motion to dismiss the petition for modification for lack of subject matter jurisdiction and a motion to quash due to lack of effective service on her. Both motions were denied. The trial court heard the merits of both petitions and held that Mr. Wood was not in contempt of the divorce decree and that the original decree was modified so as to give

permanent custody of the minor child, Jeff Word, to Mr. Word, giving Mrs. Word reasonable visitation rights and reducing the amount of child support.

Mrs. Word appeals the judgment, contending that the court erred in denying (1) her motion to dismiss the petition for modification and change of condition for lack of subject matter jurisdiction, and (2) her motion to quash for lack of effective service on her. We agree with appellant's contentions and reverse.

1. The general rule is that where a final decree of divorce awarding custody of a minor child has been entered in Georgia, which decree contains no prohibition against removing the child from this state, and subsequently the parent who has been awarded custody establishes residence in a foreign state, such foreign state acquires jurisdiction over all new questions concerning the custody, control and general welfare of said minor child and the courts of Georgia have no jurisdiction to entertain petitions by the other parent to modify the original divorce decree, so as to deprive the nonresident parent of custody of said child. *Fernandez v. Fernandez,* 232 Ga. 697 (208 SE2d 498) (1974); *German v. Johnson,* 231 Ga. 454 (202 SE2d 89) (1973); *Van Gorder v. Van Gorder,* 227 Ga. 255 (179 SE2d 750) (1971); *Locke v. Locke,* 221 Ga. 603 (146 SE2d 273) (1965). Exceptions to this rule include complaints in the nature of habeas corpus under certain factual circumstances as exemplified by cases such as *Glover v. Sink,* 230 Ga. 81 (195 SE2d 443) (1973) and *Padgett v. Penland,* 230 Ga. 824 (199 SE2d 210) (1973). See *Moss v. Buhrman,* 231 Ga. 288 (201 SE2d 472) (1973). The complaint here was one for contempt only and is within the rule stated in *Fernandez,* supra. Under the facts of this case the trial court was without jurisdiction to change the custody of the child from the mother to the father.

Furthermore, we have recently held that Code Ann. § 81A-113 (Ga. L. 1966, pp. 609, 625) dealing with counterclaims and cross complaints is not applicable in contempt cases. Therefore, a counterclaim seeking modification of a former custody judgment based on a change of conditions cannot be filed in answer to an application for contempt. *McNeal v. McNeal,* 233 Ga. 836

(213 SE2d 845) (1975); *Davis v. Davis*, 230 Ga. 33 (195 SE2d 440) (1973).

2. As to appellant's second contention, we likewise find error by the trial court.

In a case with facts similar to those sub judice, we held that where a nonresident suitor files an action in this state for contempt against her former husband for failure to abide by provisions of a Georgia divorce decree, the husband cannot perfect service upon her while in attendance at the hearing upon her petition. *Steelman v. Fowler*, 234 Ga. 706 (217 SE2d 285) (1975). The fact that the wife has availed herself of the Georgia courts to enforce a judgment against her former husband does not constitute a waiver as appellee contends.

*Judgment reversed. All the Justices concur, except Gunter and Ingram, JJ., who concur in the judgment only.*

SUBMITTED NOVEMBER 25, 1975 — DECIDED JANUARY 27, 1976.

*Aubrey W. Gilbert,* for appellant.
*Charles Henry Lumpkin, Jr.,* for appellee.