### 30500. BOGGUS v. BOGGUS.

HALL, Justice.
This case involves the question of jurisdiction to award custody of minor children where the parents live in different states and bring custody proceedings in their respective jurisdictions: the wife in California; the husband in Georgia. We hold that in order to award custody where no divorce action is pending, the court must have personal jurisdiction over both parents. Therefore, the California decree rendered in favor of the wife without jurisdiction over the husband is a nullity, but the award of custody in favor of the husband in Georgia where both parties were before the court is valid.

The facts show that Ellen and Charles Boggus and their three minor children were living in Fitzgerald, Georgia on September 15, 1973, when without warning, Ellen Boggus left with the children for California. She filed her petition for a legal separation, custody, support and alimony, and attorney fees only two days later in California. Charles Boggus received a copy of the petition and other papers by mail. He returned a notorized affidavit acknowledging receipt of the papers, and later filed a motion to quash service, but never made an appearance in California. On October 1, 1973, at a rule nisi hearing, the California court granted her prayers for custody, awarded her child support and attorney fees, and purported to enjoin the husband from removing the children from California without her written consent. The

husband later voluntarily dismissed his motion to quash service and to set aside this order, and filed for divorce in Georgia. A final judgment of divorce was entered in Georgia on February 22, 1974, but no determination of custody was made therein.

On August 8, 1974, Charles Boggus went to California, and without the knowledge or consent of their mother, took the children from school and brought them to Georgia, where they have lived since with him and his parents in Fitzgerald. He soon thereafter instituted this action for custody in two counts: the first, alleging the California decree void for lack of jurisdiction over him and seeking custody; the second, asserting that even if the California decree is valid, conditions have changed since which warrant a modification of custody in his favor.

The wife, Ellen Boggus answered and appeared in Georgia for trial, and thereby submitted herself to the jurisdiction of the Georgia court. Beside a general denial, she asserted the California decree as a defense to both counts of the husband's complaint, that the divorce proceeding pending in California gave that state continuing jurisdiction that could not be defeated by snatching the children from the state in violation of the California injunction, and furthermore that she was the proper custodian for the children. While this action was pending in Georgia, the California court on November 18, 1974, entered an interlocutory decree of divorce, and, on February 11, 1975, a final divorce, both giving custody to the wife. The Georgia case then came on for a hearing on March 17, 1975. The trial court awarded custody to Charles Boggus on both counts of his complaint but specifically found that there was no jurisdiction over the husband by the California court. The wife then brought this appeal.

On appeal, the wife has enumerated errors by nine unnumbered paragraphs, and has not presented any argument with reference to these enumerations as required by Rule 18 (c). Instead, seven different "issues of law" have been presented and argued by her attorney. Charles Boggus contends that these enumerations have been abandoned, and should be dismissed under Rule 18 (c) (2). We are inclined to agree, but find that certain of the

enumerations are sufficient to raise the issues of law presented in the wife's brief, and therefore we reach the merits of her appeal.

1. The first question is that of the effect of the California decree of October 1, 1973, giving temporary custody, child support, and attorney fees to the wife, and enjoining the husband from removing the children from the state. It is well established that a court may fix custody rights ancillary to a divorce even though there is no personal jurisdiction over one of the parents, but only in rem jurisdiction over their status. *Painter v. Painter,* 231 Ga. 184 (200 SE2d 888) (1973); *Hicks v. Hicks,* 193 Ga. 446 (18 SE2d 754) (1942). Where there is no pending divorce, however, the court must have personal jurisdiction over both parents in order to make a valid custody award *(Carter v. Carter,* 201 Ga. 850 (41 SE2d 532) (1947)), or modify a previous custody award. *Van Gorder v. Van Gorder,* 227 Ga. 255 (179 SE2d 750) (1971); *Locke v. Locke,* 221 Ga. 603 (146 SE2d 273) (1965). Also, the child must be present in the jurisdiction. *Stallings v. Bass,* 204 Ga. 3 (48 SE2d 822) (1948); *Keppel v. Keppel,* 92 Ga. 506 (17 SE 976) (1893).

When Ellen Boggus filed her petition in California, she had been in that state for only two days. Since California law requires a six month residency before filing a divorce petition, she sought only a legal separation.[1] Thus there was no pending divorce and personal jurisdiction over her husband was necessary to make an effective custody award.

The wife asserts however that the California court did have personal jurisdiction over her husband, even though he was admittedly served by mail in Georgia,

---

[1]The burden of proving the efficacy of the California decree is with the wife who asserts it as a defense. She has offered nothing relative to the effect of a legal separation. We therefore assume, as in Georgia's voluntary separation, Code Ann. § 30-210, that it merely serves to obtain a judgment for custody, alimony, and child support, requiring personal jurisdiction, and would not have any effect on their married status.

where he is domiciled. It is clear, however, that this cannot be personal service. "No matter what form it takes, and no matter how solemnly that state might legislate to the contrary, all service of process of another state is 'substituted' and is not 'personal.' " *Daniel v. Daniel,* 222 Ga. 861, 866 (152 SE2d 873) (1967). Ellen Boggus further urges through the deposition of the California attorney who represented her there, that she was relying on the California long arm statute for personal jurisdiction. There is, however, no legal basis for this assertion in the record.[2]

Furthermore, it cannot be said that Charles Boggus submitted himself to the jurisdiction of the California court. The mere acknowledgement by affidavit of receipt of copies of the proceedings by mail does not submit a non-resident to the court's jurisdiction (*Williams v. Vorhees,* 210 Ga. 715 (82 SE2d 497) (1954)); nor does the filing of a motion to quash service and set aside an order, especially where the motion sets up a plea to the jurisdiction of the court. *Hicks v. Hicks,* supra.

We therefore hold that the California court did not have personal jurisdiction over Charles Boggus, a resident of Georgia.

Ellen Boggus asserts that the California award nevertheless is entitled to full faith and credit. It is well settled however that personal jurisdiction is necessary before a judgment from a foreign jurisdiction will be given full faith and credit. May v. Anderson, 345 U. S. 528 (1952); *Locke v. Locke,* 221 Ga. 603 (146 SE2d 273) (1965); *Peeples v. Newman,* 209 Ga. 53 (70 SE2d 749) (1952).

This state has, however, recognized custody awards made in conjunction with a divorce decree, when the children were present in the jurisdiction, under principles of comity. The wife thus urges us to acknowledge the California decree on this theory. But, this we cannot do, as there was no divorce then pending in California, as we have already noted. Cf. *Brandon v. Brandon,* 154 Ga. 661 (115 SE 115) (1922).

---

[2] We do not have before us the California long arm statute.

Finally, the wife argues that the California court acquired jurisdiction of the children by their mere presence in the state, that it could thus look to their welfare and interests, and that once attached, jurisdiction could not be terminated by the removal of the children by their father without her knowledge or consent. Mrs. Boggus, however, misconstrues the words of Justice Cardozo[3] in this regard. It is true that the court will take jurisdiction of children for their protection where they are only residing, not domiciled, in the state, but that does not obviate the other requirements of the court's jurisdiction where there is no neglect or deprivation of the child. In matters of custody, not only must the child be present, *Keppel v. Keppel,* supra, but the court must also have jurisdiction either over both parents or over the res by a pending divorce. As already noted neither of these requirements had been met. Therefore, the court had no jurisdiction to award custody merely because the children were living in California at the time.

The California interlocutory and final orders of divorce of November 18, 1974 and February 11, 1975, are equally ineffective to confer jurisdiction over the children or their father because by then the parents had already been divorced in Georgia, and the children were no longer residing in California. Thus, we conclude the California judgment rendered without jurisdiction is a nullity, of no force and effect, and will not be recognized in Georgia.[4]

---

[3]"The jurisdiction of a state to regulate the custody of infants found within its territory does not depend upon the domicile of the parents. It has its origin in the protection that is due to the incompetent or helpless. [Cits.] For this, the residence of the child suffices, though the domicile be elsewhere." Finlay v. Finlay, 240 N. Y. 429 (148 NE 624, 40 ALR 937) (1925).

[4]The California court also awarded child support and attorney fees and sought to enjoin the husband from removing the children from the state; these orders are void for lack of jurisdiction over the husband. *Slowick v. Knorr,* 222 Ga. 669 (151 SE2d 726) (1966); *Hicks v. Hicks,* supra.

The contention by the wife that the injunction issued

*Painter v. Painter*, 231 Ga. 184 (200 SE2d 888) (1973). The trial court thus correctly ruled in favor of the husband on this issue.

2. Ellen Boggus also asserts that the trial court abused its discretion in awarding custody of the children to their father. The evidence though in conflict, does not support this contention. *Robinson v. Ashmore,* 232 Ga. 498 (207 SE2d 484) (1974).

3. Since we are affirming the trial court's ruling on Count 1 of the husband's complaint, we must reverse the judgment on Count 2 regarding modification of custody as the two are inconsistent.

*Judgment affirmed in part, reversed in part. All the Justices concur.*

ARGUED NOVEMBER 12, 1975 — DECIDED JANUARY 28, 1976.

*Perry, Walters, Lippitt & Custer, Henry C. Custer,* for appellant.

*Robert Sherrell,* for appellee.

---

by the California court is binding on the husband because he had notice of it has no merit. The cases cited to support her contention refer to parties who act at their peril in ignoring a restraining order issued but not yet served on them. Obviously these cases presuppose personal jurisdiction over the defendants.