## 31197. PEACOCK v. GIBSON.

HILL, Justice.

When the parties were divorced in 1973, the mother was awarded custody of the children and $40 per week child support. In May 1975 the father stopped making child support payments and the mother brought an action for contempt. The father appeals from an order not finding him in contempt but requiring him to pay child support payments in arrears and to pay attorney fees of $250.

The mother married again after the divorce. In January 1975 the natural father signed a consent to adoption as provided for by Code Ann. § 74-403 (1). However, the adoption was never completed by court action.

When the child support payments ceased, the mother filed a petition in the Liberty Superior Court seeking to hold the father in contempt. After a hearing the trial judge refused to find the father in contempt but did order the father to make child support payments as set out in the divorce decree and to pay the arrearages. He also awarded the mother $250 as attorney fees.

On appeal the father raises two issues: (1) whether the consent to adoption relieved him of his duty to support his children, and (2) whether attorney fees can be awarded in a contempt action where the defendant is

found not to be in contempt.

1. The father contends that the consent to adoption is, in effect, a binding irrevocable contract by which he relinquished his rights and obligations to the children in consideration for the stepfather's agreement to educate, maintain and support the children. The stepfather did not sign the consent although the natural father signed at the request of the mother's attorney.

The father's argument is that since he cannot revoke his voluntarily given consent to adoption as a matter of right (Code Ann. § 74-403 (1)), the reverse should also be true; i.e., the individual requesting and receiving the consent does not have the right to withdraw from the agreement. The father contends in effect that there was a contract of adoption between himself and the stepfather and that the consent to adoption he signed merely expressed his part of the agreement. However, the evidence does not show such an agreement by the stepfather.

The consent of both parties is essential to a contract. Code Ann. §§ 20-107, 20-108. The recitation in the consent that the stepfather agreed to support the children is not assent by the stepfather sufficient to form a valid contract which would bind the stepfather. Since we find no contract and since the adoption was not completed, the stepfather has not assumed and the father has not been relieved of his parental responsibilities.

The trial court did not err in requiring the father to continue to make child support payments.

2. Code Ann. § 30-219 authorizes attorney fees in cases in which the father "shall be cited for contempt before the court for having failed to make payment of such alimony, if upon the hearing of such proceeding it is found that the husband has failed to pay the alimony awarded against him, either temporary or permanent, for no justifiable reason."

The mother in this case did bring an action for contempt against the father for the failure to make child support payments (alimony), and the trial court after a hearing did find that the father had failed to pay the child support. The court specifically found, however, that the father had acted in good faith based upon the consent to

adoption and therefore found the father not to be in contempt of the divorce decree.

We are unable to construe these findings by the trial court to mean that the father has failed to pay alimony "for no justifiable reason" within the meaning of Code Ann. § 30-219, supra. Although the trial judge has discretion in awarding attorney fees when the father has been found in contempt (*Berman v. Berman,* 232 Ga. 342, 344 (206 SE2d 447) (1974)), the law does not authorize the trial judge to exercise discretion in allowing attorney fees where the father has a justifiable reason for discontinuing child support. *Walker v. Waller,* 237 Ga. 336 (1976). Therefore attorney fees are not allowable in this case, even though the father is required to make child support payments.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Nichols, C. J., and Ingram, J., who concur in the judgment only.*

SUBMITTED MAY 28, 1976 — DECIDED SEPTEMBER 7, 1976 — REHEARING DENIED SEPTEMBER 28, 1976.

*Beverly H. Nash,* for appellant.
*Thomas A. Hutcheson,* for appellee.