33766. CULPEPPER et al. v. BREWER.

UNDERCOFLER, Presiding Justice.
This is an appeal from a judgment in a contempt action brought for failure to pay child support. The father was not found in contempt. The trial court found a binding agreement between the father and stepfather under which the stepfather had assumed responsibility to educate, maintain and support the children in consideration of the father's relinquishment of his parental rights and obligations. We affirm the lower court's refusal to find the father in contempt; we reverse its finding of a binding agreement.

The husband and wife were divorced June 12, 1972. The wife, plaintiff, was awarded custody, and child support payments were fixed at $200 per month. Plaintiff subsequently remarried. In 1975, the stepfather, seeking to adopt her children, together with plaintiff obtained the consent of the natural father in exchange for stepfather's agreement to assume all responsibility for maintenance and child support. The stepfather supported the children for two years; however, the adoption was never completed, and in November, 1977, the wife demanded that the father resume his child support payments. When the father refused to comply, the wife filed an attachment for contempt.

In answering the contempt action, the father raised a counterclaim for modification of child support and filed a third-party complaint against the stepfather. His contention was that when he gave his consent to adopt, the stepfather had assumed by contract his obligation to support the children.

A father cannot void his primary responsibility to

support his children by contracting with a third party to assume this responsibility. The right to child support belongs to the child. Code § 102-106; *Livsey v. Livsey,* 229 Ga. 368 (191 SE2d 859) (1972). A mother has no right to barter away child support in return for a relinquishment of visitation privileges. *Johnson v. Johnson,* 233 Ga. 664 (212 SE2d 835) (1975); *Glaze v. Strength,* 186 Ga. 613 (198 SE 721) (1938). *McLean v. McLean,* 242 Ga. 71 (1978) is inapposite. Therefore, a father has no right to make a similar arrangement with a third party.

This court has refused to recognize agreements of the type alleged by the father in this case. In a case involving similar facts, *Peacock v. Gibson,* 237 Ga. 600 (229 SE2d 347) (1976), this court found that the stepfather had not assumed and the father had not been relieved of his parental responsibilities.

However, in the *Peacock* case, it was established that where a father's refusal to pay is based upon a good faith belief that his obligation to pay has been assumed in contract by a third party, the existence of such a contract is evidence of good faith and will support a finding that the father's failure to pay was not wilful, absent notice that the stepfather was not complying with the contract. Therefore, the trial court correctly refused to hold the father in contempt. The father is not bound to reimburse the stepfather insofar as the children have already been supported, but the father is liable for payments due after the demand was made that he begin paying again. This result is consistent with cases in which this court has held that the mother has no right to sue for reimbursement for child support which has been furnished to the child when the mother assumed responsibility for child support payments at the time of the divorce decree. *Newsom v. Newsom,* 232 Ga. 49 (205 SE2d 291) (1974); *Allen v. Allen,* 228 Ga. 523 (2) (186 SE2d 743) (1972).

Whether the contract between the father and stepfather is enforceable is not a proper issue in this contempt proceeding. "The only issue raised by a contempt citation is contempt vel non. The provisions of the Civil Practice Act (Ga. L. 1966, pp. 609, 625; Code Ann. § 81A-113) with respect to counterclaims and cross complaints are not applicable in contempt cases." *McNeal*

*v. McNeal,* 233 Ga. 836, 837 (213 SE2d 845) (1975). Accord, *Word v. Word,* 236 Ga. 100 (222 SE2d 382) (1976); *Davis v. Davis,* 230 Ga. 33 (195 SE2d 440) (1973). Likewise, the third-party complaint here is not authorized.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

SUBMITTED JUNE 30, 1978 — DECIDED SEPTEMBER 6, 1978 — REHEARING DENIED SEPTEMBER 26, 1978.

*Telford, Stewart & Stephens, Charles W. Stephens,* for appellants.

*John Roger Palmour,* for appellee.