34857, 34858. CRIST v. CRIST; and vice versa.

NICHOLS, Chief Justice.

The trial court declined to find the former husband in contempt but ordered him to pay all past due child support within 60 days. He appeals in Case No. 34857. The former wife cross appeals in Case No. 34858, contending that the trial court should have found him in contempt and should have awarded attorney fees for her. This court affirms.

When the parties were divorced, she was given custody of their daughter, and he was ordered to pay child support in the amount of $350 per month. She married again and moved to Alabama. The child wanted to remain in Georgia with her father rather than move to Alabama with her mother. Without petitioning the court, the parents entered into an informal, oral agreement pursuant to which the child would live with the father, and the father would cease paying the child support payments to the mother. Months later, the child occasionally went back to live with the mother, who then filed the present motion for contempt seeking recovery of the child support payments that were not made during the period of the informal agreement.

The trial court did not err in refusing to hold the former husband in contempt, in denying attorney fees for the former wife, or in ordering the former husband to pay the arrearages within 60 days. *Peacock v. Gibson,* 237 Ga. 600 (229 SE2d 347) (1976); *Meredith v. Meredith,* 238 Ga. 595 (234 SE2d 510) (1977); *Daniel v. Daniel,* 239 Ga. 466 (238 SE2d 108) (1977).

*Judgments affirmed. All the Justices concur, except Bowles, J., who concurs in the judgment only.*

SUBMITTED MAY 4, 1979 — DECIDED MAY 31, 1979 — REHEARING DENIED JUNE 22, 1979 IN CASE NO. 34857.

*Macey & Zusmann, George S. Stern, Steven Schaikewitz,* for appellant.

*Gray, Hinson & Weyant, Charles A. Ratz,* for appellee.