### 35193. DUVALL v. BAKER.

NICHOLS, Chief Justice.

The former wife filed a citation for contempt against the former husband for nonpayment of child support allegedly due pursuant to their final judgment and decree of divorce. He answered and filed a counterclaim denying parentage and alleging that he voluntarily had agreed to support the children based upon her fraudulent representations that the children, who were born during their marriage, were his. Based upon *Word v. Word,* 236 Ga. 100 (222 SE2d 382) (1976) and *Culpepper v. Brewer,* 242 Ga. 210, 211 (248 SE2d 619) (1978), the trial court held that the counterclaim could not be filed in response to the citation for contempt. The former husband seeks to appeal the order dismissing his counterclaim.

The judgment he seeks to appeal is not final within the meaning of Code Ann. § 6-701 (a) 1. because the citation for contempt still is pending in the court below. He has not obtained the certificate of the trial court required for interlocutory appeal. Code Ann. § 6-701 (a) 2 (A). Neither has he made application to this court pursuant to Code Ann. § 6-701(a) 2. The judgment is not one "involving" a contempt case within the meaning of Code Ann. § 6-701 (a) 3, so as to be appealable despite lack of finality and lack of certification and application, because this counterclaim cannot even be filed in response to the citation for contempt. *Culpepper v. Brewer,* supra. No determination or direction has been made pursuant to Code Ann. § 81A-154 (b). The appeal must be dismissed.

*Appeal dismissed. All the Justices concur.*

SUBMITTED JULY 27, 1979 — DECIDED SEPTEMBER 10, 1979.

*Rogers, Magruder & Hoyt, Raymond H. Cox,* for

appellant.

*Harl C. Duffey, III,* for appellee.