## 35382. McDONALD v. McDONALD.

MARSHALL, Justice.

In this contempt action, the order of the trial court — that the parties' two children may enroll at the University of Georgia and that the defendant father shall pay expenses as provided by the parties' agreement incorporated in the final divorce decree, but specifically not ruling on the contempt or attorney fees issues at that time — was interlocutory. There is nothing to the contrary in the holding in *Ramsey v. Ramsey,* 231 Ga. 334 (1) (201 SE2d 429) (1973), that "the provisions of Code Ann. § 6-701(a,3) authorize the appeal of a trial court judgment *adjudicating contempt* without first making an application for discharge. Such an appeal may be taken from a contempt order irrespective of whether the order found to have been wilfully violated is an interlocutory order or a final judgment." (Emphasis supplied.) In the present case, unlike *Ramsey,* there was no "judgment adjudicating contempt." Cf. *Duvall v. Baker,* 244 Ga. 228

(1979). No application for interlocutory appeal having been filed or granted, the appeal must be, and is hereby, dismissed.

*Appeal dismissed. All the Justices concur.*

SUBMITTED SEPTEMBER 7, 1979 — DECIDED SEPTEMBER 26, 1979 — REHEARING DENIED OCTOBER 16, 1979.

*J. Eugene Wilson,* for appellant.
*Phillips, Hart & Mozely, George W. Hart, Michael G. Frick,* for appellee.