## 75857, 75858. HAMMONTREE v. HAMMONTREE (two cases).

(368 SE2d 576)

Pope, Judge.

In February of 1985, plaintiff Judy Faye Hammontree and defendant Johnny Mac Hammontree entered into a divorce decree in which they consented to the wife having custody of their minor child with child support of a stated amount to be paid by the husband. It appears that over time, by mutual agreement, the husband assumed primary custody of the child and adjusted his child support payments to the wife accordingly. However, in August of 1986 the wife filed, in the Superior Court of Clayton County where the divorce decree was originally entered and where she still resided, a motion for contempt

against the husband for non-payment of child support. The husband responded and counterclaimed for modification of the divorce decree, requesting a change in custody. After a hearing, the court issued an order finding the parties had mutually agreed to modification of the custody agreement but awarding the wife overdue child support payments in the amount of $450. The court also awarded custody of the child to the husband.

Timely notice of appeal was filed by the wife on December 9, 1986. However, a transcript of the hearing was not filed with the clerk of the trial court until April 8, 1987. On April 16, 1987 the husband filed with the trial court a motion to dismiss the appeal for the wife's failure to cause the transcript of the proceedings to be filed within thirty days as required by OCGA § 5-6-42. The trial court dismissed the notice of appeal. The wife hereby appeals the dismissal of her notice of appeal (Case No. 75858) and also appeals the order granting the counterclaim for change of custody (Case No. 75857).

## Case No. 75858

Pursuant to OCGA § 5-6-48 (c), the trial court may dismiss an appeal "where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party." In its order dismissing the wife's appeal, the lower court found the wife's delay in filing the transcript was unreasonable. However, no finding was made that the delay was inexcusable. The dismissal of an appeal must be supported by a finding that the delay was *both* unreasonable and inexcusable. Where the lower court makes no finding as to one of these requirements of OCGA § 5-6-48 (c), the dismissal will be overturned. *Young v. Climatrol Southeast Distrib. Corp.*, 237 Ga. 53 (226 SE2d 737) (1976); *White v. Olderman Realty &c. Co.*, 163 Ga. App. 57 (293 SE2d 726) (1982); *ITT Industrial Credit Co. v. Carpet Factory*, 140 Ga. App. 204 (230 SE2d 354) (1976). In support of the dismissal of appeal, the husband argues that a delay of over thirty days is prima facie unreasonable and inexcusable. See *Bouldin v. Parker*, 173 Ga. App. 526 (1) (327 SE2d 760) (1985). However, the record in this case shows the wife's attorney offered under oath an explanation for the delay, claiming he misunderstood the directions given to him by an unidentified deputy court clerk. The lower court failed to make a finding as to whether this explanation excused the delay. We cannot say that the explanation provided by the attorney as the reason for his delay was inexcusable as a matter of law. Therefore, the court erred in dismissing the wife's appeal.

*Case No. 75857*

Having determined that the wife's appeal was improperly dismissed, we now turn to the substantive grounds for her appeal of the order granting a change in custody.

The statutory law of this state prohibits a complaint seeking a change of legal custody of a child to be brought in response to any action or motion to enforce a child custody order. OCGA § 19-9-23. "[A] counterclaim seeking modification of a former custody judgment based on a change of conditions cannot be filed in answer to an application for contempt." *Word v. Word*, 236 Ga. 100, 101 (222 SE2d 382) (1976). Accord *Culpepper v. Brewer*, 242 Ga. 210 (248 SE2d 619) (1978); *McNeal v. McNeal*, 233 Ga. 836 (213 SE2d 845) (1975); *Davis v. Davis*, 230 Ga. 33 (2) (195 SE2d 440) (1973).

Reliance by the lower court upon the opinion of the Georgia Supreme Court in *Buckholts v. Buckholts*, 251 Ga. 58 (1) (302 SE2d 676) (1983), is misplaced. That case stands for the proposition that where one party files a petition to modify a divorce decree, then the responding party may raise the issue of the plaintiff's contempt of the original order, even if the petition for modification is brought in a different county from that issuing the original decree. *Buckholts* does not change the long-standing rule that when a plaintiff files nothing more than an application to hold the defendant in contempt of a divorce decree, a counterclaim seeking modification of the decree is not cognizable. *Frasca v. Frasca*, 254 Ga. 532 (1) (330 SE2d 889) (1985).

We note that in all but one of the cases addressing this issue which were decided prior to the enactment of the Child Custody Intrastate Jurisdiction Act of 1978 (OCGA §§ 19-9-20 through 24), one ground for holding the counterclaim for change of custody to be improper was lack of jurisdiction over the person against whom the counterclaim was brought. See *McNeal v. McNeal*, supra; *Word v. Word*, supra; *Davis v. Davis*, supra. Jurisdiction to bring a complaint for change of custody is not lacking in this case because the contempt proceeding was brought in the county in which the appellant wife resides. While it may seem contrary to the goal of promoting judicial economy to require a separate action to be brought in a case, such as the one now before us, where the court hearing the contempt proceeding also has jurisdiction over a change of custody proceeding, we are nevertheless constrained by the clear and unequivocal language of OCGA § 19-9-23 to rule that these two issues must be brought before the court as separate actions. Accordingly, that portion of the order granting the husband's counterclaim for a change in custody is reversed.

*Judgments reversed. McMurray, P. J., and Benham, J., concur.*

DECIDED APRIL 12, 1988.

S. *Lee Storesund*, for appellant.
*Nancy F. Lawler*, for appellee.