appellant.
*Bentley C. Adams III*, for appellee.

## A89A0668. KLEIN v. STANDARD FIRE INSURANCE COMPANY.
(382 SE2d 158)

MCMURRAY, Presiding Judge.

Standard Fire Insurance Company brought a complaint for declaratory judgment in the Superior Court of Fulton County, naming Paul Klein, its insured, as defendant. Plaintiff alleged it issued a homeowner's insurance policy to defendant; that, thereafter, defendant's residence was burglarized and defendant submitted a claim to plaintiff for the payment of numerous items; and, that plaintiff paid defendant the value of many such items. Plaintiff also alleged defendant sought payment of the value of additional items known as "Dynasty the T.V. Series Collection of Finished Jewelry"; that the "Dynasty" items have an alleged value of $11,134; and, that, pursuant to the policy issued to defendant, a $1,000 limit was applicable to a "loss by theft of jewelry, watches, furs, precious and semi-precious stones." Finally, plaintiff alleged that declaratory judgment was appropriate because defendant posits the "Dynasty" items constitute personal property (which is covered by the policy without limitation) and plaintiff posits the "Dynasty" items constitute jewelry (subject to the $1,000 limit). In its "wherefore" (prayer) clause plaintiff sought a judgment declaring the "Dynasty" items to be jewelry within the meaning of the policy and subject to the $1,000 limitation of liability.

A copy of the insurance policy was attached to the complaint. It defined jewelry as "individually owned articles of personal adornment composed at least partially of silver, gold, platinum or other precious metals or alloys, whether or not containing pearls, jewels, or precious or semi-precious stones."

Defendant answered the complaint and the case proceeded to trial upon stipulated facts. On May 12, 1987, the trial court entered judgment, concluding: "It is the judgment of the Court that unless the articles for which defendant seeks recovery under the policy . . . are composed of silver, gold, platinum or other precious metals or alloys, Plaintiff is bound by its own definition to pay defendant's claim without further delay."

Three weeks later, defendant filed a "Motion to Enforce Order and for Contempt." Therein, defendant asserted that plaintiff refused to pay defendant's claim even after defendant submitted an amended proof of loss stating that "none of the items claimed herein are com-

posed in whole or in part of silver, gold, platinum or other precious metals or alloys"; that plaintiff should be held in contempt for failing to abide by the trial court's judgment; and that plaintiff's refusal to pay is evidence of bad faith entitling defendant to recover damages and attorney fees.

On December 1, 1987, the trial court denied defendant's "Motion to Enforce Order and for Contempt" and defendant appealed. *Held*:

Defendant has not followed the required procedure for interlocutory review and consequently this direct appeal from the trial court's order refusing to hold plaintiff in contempt must be dismissed as we are without jurisdiction to entertain it. See OCGA § 5-6-34 (b); *McDonald v. McDonald*, 244 Ga. 453 (260 SE2d 853); *Fulford v. Fulford*, 225 Ga. 510 (170 SE2d 27); *Commercial Bank v. Simmons*, 157 Ga. App. 391 (278 SE2d 53).

*Appeal dismissed. Carley, C. J., and Beasley, J., concur.*

DECIDED APRIL 28, 1989.

*Thomas L. Washburn III*, for appellant.
*John R. Gaughen*, for appellee.