WOOD *v.* WOOD; *et vice versa.*

Nos. 15454, 15455. MAY 8, 1946. REHEARING DENIED JUNE 6, 1946.

798

*Paul T. Chance,* for plaintiff. *W. D. Lanier,* for defendant.

WYATT, J. ██ The general demurrer raises the question whether or not the plaintiff, since his petition shows that he has a guardian, can maintain this petition brought in his own name. Of course it is a well-settled rule of law that, if he is mentally incompetent and has a duly appointed guardian, ordinarily all actions on his behalf must be brought by the guardian. See Code, § 37-1003. It is contended that this rule does not apply, for the reason that the petition shows the guardian to have been a special guardian. The language of the petition is as follows: "That said petition [for guardianship] was made and filed under authority of and pursuant to an act of the Florida Legislature, approved August 25, 1929, providing for the appointment of special guardians to receive from the Veterans' Administration compensation and benefits, and which were specifically set forth in said petition." No further effort is made to plead the Florida statute.

"Florida not being one of the thirteen original colonies or derived from territory belonging thereto, a contract of that State will be construed by the courts of this State according to the statutes and laws here of force, in the absence of any pleaded particular statute of that State governing the construction of the contract, or any pleaded general statute adopting the common law of England." *Trustees of Jesse Parker Williams Hospital* v. *Nisbet,* 189 *Ga.* 807 (7 S. E. 2d, 737). See also *Champion* v. *Wilson,* 64 *Ga.* 184, 188, *Wells* v. *Gress,* 118 *Ga.* 566 (2) (45 S. E. 418), *Atlantic Coast Line R. Co.* v. *Barton,* 14 *Ga. App.* 160, 162 (80 S. E. 530), and *Green* v. *Johnson,* 71 *Ga. App.* 777, 780 (33 S. E. 2d, 443). Since the plaintiff did not properly plead or set forth in his petition the Florida statute, no effect can here be given to his contention as to such statute. Moreover, it appears from the petition that the guardian collected, as guardian, from a bank in another State more than $3000 from a savings account of his ward;

that he collected rent due on real estate belonging to his ward, sold real estate belonging to his ward, and altogether collected more than $20,000 belonging to his ward. Construing the petition most strongly against the plaintiff, as must be done, the petition shows the guardian to be a general and not a special guardian.

■ The plaintiff in error contends that the guardianship proceedings in the Florida court and the judgment obtained thereon were the result of a fraud practiced upon him by his wife and the guardian; and by inference, at least, argues that for this reason the Florida judgment is subject to collateral attack in the courts of this State. Conceding, for the purpose of what is here said, but not holding, that his petition does show fraud, is it such a case of fraud as will permit him to collaterally attack the judgment of the Florida court in this proceeding? The Supreme Court of the United States, in Hanley v. Donoghue, 116 U. S. 1, 4 (6 Sup. Ct. 242, 29 L. ed. 535), has this to say: "Judgments recovered in one State of the Union, when proved in the courts of another, differ from judgments recovered in a foreign country in no other respect than that of not being re-examinable upon the merits, nor impeachable for fraud in obtaining them, if rendered by a court having jurisdiction of the cause and the parties."

In *Alabama Great Southern R. Co.* v. *Hill,* 139 *Ga.* 224, 228 (76 S. E. 1001, 43 L. R. A. (N. S.) 236, Ann. Cas. 1914 D, 996), Mr. Justice Evans, speaking for the court, so fully covered the question here made that we deem it sufficient to quote his language: "But it is said that a collateral attack on a judgment on the ground of fraud is allowable as an exception to the general rule. Dicta to this effect may be found in our reports. In some instances the remark is made in passing, without special reference to the point under discussion; in others it will be found that the collateral attack was justifiable on other principles. Thus in *Sharman* v. *Morton,* 31 *Ga.* 45, and in *Thomas* v. *Morrisett,* 76 *Ga.* 397, one of the points was whether a defendant in a foreign judgment could collaterally attack it by showing that he had not been served, notwithstanding the record showed a return of service; and the court held that this could be done on the universally accepted principle that want of jurisdiction in a court to render a judgment in personam on the ground of want of service may be collaterally shown. In those cases the fraud consisted in obtaining service of the suit

on the defendant. Other cases depend on statutes which make an exception. Thus, an attack may be collaterally made on a judgment of discharge procured by an administrator by fraud; the statute declares such a judgment to be void. *Pass* v. *Pass,* 98 *Ga.* 791 (25 S. E. 752). Other exceptions exist—such as where the judgment bears a fatal defect on its face, and where the court is without jurisdiction of the subject-matter and of the person. Likewise creditors or bona fide purchasers may collaterally attack a judgment for fraud whenever and wherever it interferes with their rights. Civil Code, § 5966. But in order to allow a collateral attack the judgment must be void. Civil Code, § 5968. The statute declares that 'the judgment of a court of competent jurisdiction can not be collaterally attacked in any other court for irregularity, but shall be taken and held as a valid judgment until it is reversed or set aside.' Therefore a judgment procured by fraud must be deemed as absolutely void before it can be collaterally attacked. While a judgment procured by fraud may be set aside for the fraud in a direct proceeding, still, if the judgment is rendered by a court of competent jurisdiction, the parties are concluded by it until it is set aside. Van Fleet on Collateral Attack, § 550; *Grier* v. *McLendon,* 7 *Ga.* 362, 365; *Griffin* v. *Sketoe,* 30 *Ga.* 300; Thompson *v.* Tomlie, 2 Pet. 157 (7 L. ed. 381). The judgment is voidable for the fraud, but is not absolutely void until vacated in a direct proceeding."

The petition in the instant case shows that a guardian was appointed for the plaintiff by a probate court of the State of Florida, a court that must be presumed to have had jurisdiction of the subject-matter and the parties until the contrary is made to appear. It follows that the Florida judgment is not subject to the collateral attack here sought to be made.

For the reasons stated, the trial court did not err in sustaining the general demurrer.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur, except Bell, C. J., who dissents.*