## 23859.   DANIEL v. DANIEL.

Argued December 13, 1966—Decided January 5, 1967.

Troutman, Sams, Schroder & Lockerman, William H. Schro-
der, Allen E. Lockerman, Gerald P. Thurmond, Joseph H.
Blackshear, Reed & Dunn, Robert J. Reed, R. Elliott Dunn, Jr.,
for appellant.

Westmoreland, Hall & Pentecost, John L. Westmoreland, Jr.,
Robinson, Thompson, Buice & Harben, Emory Robinson, for
appellee.

DUCKWORTH, Chief Justice. The first headnote requires no
further elaboration since the appeal is not subject to the mo-
tion to dismiss under the new Appellate Practice Act of 1965,
as amended.

The verdict and judgment sustaining the husband's plea of
res judicata to the wife's action for divorce and alimony is
assailed upon the following grounds: (1) The judgment of
the Nevada court upon which the plea is based was procured
by fraud; (2) it does not bind the wife as to alimony since
she was neither personally served nor did she appear in said
court; and (3) under Georgia law (Ga. L. 1965, p. 263; *Code
Ann.* § 30-226) the wife is entitled to alimony despite the di-
vorce decree in favor of her husband in Nevada.

■ We consider these attacks in the foregoing order. The uncontradicted evidence shows that the petition in the Nevada court alleged and the husband swore that he and the appellant were at the time of filing and of the trial of that case, husband and wife; that he knew at that time that he had procured a divorce from her in Mexico; consequently, his allegations and testimony were knowingly false, and that without them the court would not have granted him a divorce. He also falsely alleged and testified that he and appellant had entered into a premarital agreement settling his liability to her for alimony knowing at the time no such agreement was made in reference to his second marriage to her and that after the only such agreement was executed, the parties were divorced and sometime thereafter remarried. He is also charged with knowledge of the law (*Reynolds v. Reynolds*, 217 Ga. 234 (123 SE2d 115)) that all such premarital agreements in Georgia are against public policy and are void. These combined indisputable facts in this record show that the judgment pleaded as res judicata was procured by the wilful perpetration of fraud upon the court rendering it. In this situation, the ruling in *Marchman v. Marchman*, 198 Ga. 739 (32 SE2d 790), is controlling authority for the trial court to ignore that judgment and grant appellant's motion for judgment notwithstanding the verdict. The *Marchman* case ruled that the full faith and credit clause of the Constitution and the statute enacted pursuant thereto (see 28 U. S. C. A. § 1738) have no application to such cases and that the decree "is subject to a collateral attack." We need not repeat here the view of many cases cited therein including Williams v. North Carolina, 317 U. S. 287 (63 SC 207, 87 LE 279, 143 ALR 1273). The undisputed evidence shows that the judgment relied upon was procured by the perpetration of wilful fraud upon the court and is therefore void.

■ But it is contended that the wife was personally served because copies of the suit were mailed to her, and an individual, not an officer, handed her a copy of the suit. We think this court's ruling in *Cochran v. Cochran*, 173 Ga. 856 (162 SE 99), requires a rejection of that contention. It was there said at

page 865, that, "we have not overlooked the fact that there was a physical service or pretended service in the case on Mrs. Cochran in Murray County, Georgia, but of course this constituted no personal service whatever. *Underwood v. Underwood*, 142 Ga. 441 (83 SE 208, LRA 1915B, 674)." This ruling was followed in *Adams v. Adams*, 191 Ga. 537 (13 SE2d 173). Also the Supreme Court in Vanderbilt v. Vanderbilt, 354 U. S. 416, 418 (77 SC 1360, 1 LE2d 1456) held that, "It has long been the constitutional rule that a court can not adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant. Here, the Nevada divorce court was as powerless to cut off the wife's support right as it would have been to order the husband to pay alimony if the wife had brought the divorce action and he had not been subject to the divorce court's jurisdiction. Therefore, the Nevada decree, to the extent it purported to affect the wife's right to support, was void and the Full Faith and Credit Clause did not obligate New York to give it recognition." To the same effect see 27B CJS 819, Divorce, § 346. Relevant here is the fact that the Nevada decree did not even attempt to pass upon the matter of alimony for the reason stated in that decree. In such a case the rule of law applicable is stated in 24 AmJur2d 1128, Divorce, § 991, as follows: "And where a foreign decree, entered in an action brought by the husband with constructive service on the nonresident wife, refused to pass upon the wife's right to alimony, the full faith and credit clause does not preclude the courts of another state from awarding alimony in a subsequent action." At page 1128, § 992, it is stated that: "the divorce court must have jurisdiction of the wife in personam in order to adjudicate or cut off her right to alimony." The Code of Georgia, § 3-607, declares that res judicata shall operate only where the former suit (a) is based on the same cause of action, (b) is between the same parties, and (c) the former court has jurisdiction. Unquestionably, the Nevada court procedure was conducted upon the premise that as to the divorce affecting primarily the petitioner, he could procure his release of the matrimonial obligations by substituted service upon his spouse. And the laws of Nevada were designed to

effectuate such substituted service. Had that State intended to take unto itself extraterritorial jurisdiction which invaded the sovereign boundaries of Georgia by its decree by publication or substituted service and thus foreclose their legal rights, that would obviously be invalid and a denial of the due process which the General Government would neither sanction nor tolerate. We therefore conclude that the State of Nevada by its laws never attempted or intended to do more by its court decree in the absence of personal service by an officer authorized by law to serve, or waiver of service in writing or appearance and pleading to the merits than to obtain jurisdiction to decree relative to releasing the petitioner from legal bonds of marriage. No honest mind can conceive of justly forcing a resident of Georgia to go to the State of Nevada to defend a right Georgia laws confer upon that citizen. This court is unprepared to hold that a vital right can be thus trifled with. There can be no such thing as legal personal service of a suit in Nevada upon a resident of the State of Georgia inside the limits of this state. No matter what form it takes, and no matter how solemnly that State might legislate to the contrary, all service of process of another state is "substituted" and is not "personal." We hold therefore that mailing a copy and personally handing a copy of the process issued by the Nevada court to or upon this Georgia resident inside the limits of this state was constitutionally short of personal service and no law of Nevada can control otherwise. Consequently, no personal service in the Nevada suit was had upon this appellant.

■ We now come to the Georgia statute (Ga. L. 1965, p. 263; *Code Ann.* § 30-226). No doubt that law was enacted to meet a problem which Nevada divorces had created with the people of Georgia. It was definitely intended by that Act to vest indefeasibly in Georgia wives a right to claim alimony and to cause this right to survive any scheme or trick of the husband in obtaining a divorce in another state to defeat the wife's right to assert such claim against him in Georgia courts, unhampered by any foreign divorce decree severing the relationship of wife and husband. Regardless of the respective dates of his Nevada divorce decree, and the approval of the 1965 Act, in deciding

her right to alimony, we will apply the law as set forth in the 1965 Act. *City of Valdosta v. Singleton,* 197 Ga. 194 (28 SE2d 759).

Therefore, over and above the foregoing rulings, holding the Nevada court decree void because of fraud and that the Nevada court expressly failed to rule on the question of alimony, the 1965 Act, supra, entitles this wife to prosecute her claim for alimony even if these rulings were erroneous. It follows that the court erred in denying the motion for judgment notwithstanding the verdict and in entering judgment in conformity with the verdict.

*Judgment reversed. All the Justices concur.*

## AMENDMENT TO
## RULES OF THE SUPREME COURT OF GEORGIA

(EFFECTIVE APRIL 29, 1967)

RULE 50. All applications for a writ of certiorari to the Court of Appeals must be filed with the Clerk of the Supreme Court and shall be by him submitted to the court on the fifth day after such filing. The Clerk of the Supreme Court shall give notice to the Clerk of the Court of Appeals of the filing of all applications for the writ of certiorari.