49804. ALLIED PRODUCTIONS, INC. v. PETERSON.

ARGUED OCTOBER 1, 1974 — DECIDED OCTOBER 11, 1974 —
REHEARING DENIED OCTOBER 30, 1974 —

*William T. Brooks,* for appellants.
*Raiford & Hills, Barry E. Billington, Michael B. McKeithen,* for appellee.

DEEN, Judge.

The appellants' brief in this court urges that the questions for decision are whether (a) they were properly served in the Virginia action, and (b) whether they are now entitled to assert by cross action that the Virginia judgment was obtained by fraud, i. e. a conspiracy between their Virginia counsel and that of the plaintiff.

As to service, the trial court in Virginia explicitly found that there was service under Virginia's long arm statute (§ 8-81.3 of the 1950 Code of Va. as amended). This was affirmed by the Supreme Court of Virginia. The statute has been held constitutional: Snow v. Clark, 263 FSupp. 66. Nothing in the record before us indicates that the judgment would be void for any reason; it is accordingly entitled to full faith and credit, and is not subject to collateral attack. *Dyal v. Dyal,* 187 Ga. 600 (1 SE2d 660).

As to the cross action, it is unverified, is not supported by any evidence, and is denied under oath by the affidavit of plaintiff's Virginia counsel. " 'A judgment of a court of a foreign state having jurisdiction of the subject matter and the parties cannot be collaterally attacked in the courts of this state on the ground of fraud.' *Wood v. Wood,* 200 Ga. 796 (2) (38 SE2d 545) and cit." *Johnson v. Johnson,* 115 Ga. App. 749 (2) (156 SE2d 186). For both these reasons the appellants' cross action presented no defense to the suit on the Virginia judgment.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*