## 51354. COLODNY et al. v. KRAUSE et al.

EVANS, Judge.

A loan was made on real property in South Carolina. A note and mortgage was executed by the borrower, Concord Developers, Inc., and guaranteed by Lester Colodny, Richard Feldman, Jean Feldman and Rosalyn Colodny. All the guarantors were residents of Georgia. The loan became in default and R. A. Krause, as nominee of the trustees of ATICO Mortgage Investors, brought a foreclosure, confirmation and deficiency action against Concord (principal debtor) and the four guarantors named above, in a South Carolina court. In accordance with the laws of South Carolina, Krause attempted to obtain personal service on the four guarantors in Georgia. Lester Colodny and Richard Feldman were served in Fulton County, Georgia, but the other two defendants were not served. After the property was sold at public outcry, a deficiency judgment in accordance with South Carolina law was rendered.

Krause here seeks judgment on his South Carolina judgment. Mesdames Feldman and Colodny answered the complaint and filed a motion to dismiss and motion for summary judgment. The action as to them was dismissed because of lack of personal service. Petitioner added a Count 2 based on their original contract of guaranty which count is still pending and they are back in the case, although not involved in this appeal. The action as to Count 2 is not now before this court.

Feldman and Colodny answered and moved for summary judgment, and plaintiff also filed a motion for summary judgment. The court granted plaintiff's motion for summary judgment against Colodny and Feldman, thereby in effect, denying their motion for summary judgment against plaintiff.

Defendants Colodny and Feldman appeal, contending the statutory procedure for foreclosing mortgages and obtaining a deficiency judgment thereon in South Carolina is so contrary to the statutory procedure of Georgia in such cases as to be against the public policy of this state; and that the South Carolina judgment is not entitled to full faith and credit; and that

in obtaining personal service of only two of the guarantors (sureties), the risk to the other two sureties (Colodny and Feldman) exposes them to greater liability, and therefore discharges them from liability under the note and mortgage by operation of law. *Held:*

1. The petitioner obtained a judgment in South Carolina after proper service upon defendants, Colodny and Feldman, in which no defense was offered. The default judgment entered thereon is conclusive unless full faith and credit thereof be denied. See *Thrift v. Vi-Vin Products,* 134 Ga. App. 717 (215 SE2d 709). Even if the statutory law of this state be different from that of the sister state, and even if this would prevent recovery (conceding arguendo that there is such a difference), the forum state (Georgia) must give full faith and credit to that judgment rendered in South Carolina. Code Ann. §§ 1-401, 102-110; Williams v. North Carolina, 317 U. S. 287 (63 SC 207, 87 LE 279) Fauntleroy v. Lum, 210 U. S. 230, 236 (28 SC 641, 52 LE 1039); Magnolia Petroleum Company v. Hunt 320 U. S. 430 (64 SC 208, 88 LE 149); *Caruthers v. Corbin,* 38 Ga. 75 (2), 87.

2. The judgment of a court of competent jurisdiction shall be conclusive between the same parties as to all matters put in issue or which under the rules of law might have been put in issue. Code § 110-501. Hence, the judgment of a sister state, authenticated according to an Act of Congress, is conclusive as to defendants as to all questions that could have been heard in the ,South Carolina court when and before the judgment was rendered. See *Sharman v. Morton,* 31 Ga. 34 (2); *Johnson v. Johnson,* 115 Ga. App. 749 (2) (156 SE2d 186). Any questions as to the release of the guarantors (sureties) should have been reached in the South Carolina court.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

Argued September 30, 1975 — Decided October 29, 1975.

*Bell & Desiderio, Ruby Carpio Bell,* for appellants.
*Weltner, Kidd, Crumbley & Tate, Charles M. Kidd,* for appellee.