## 31006. GORDON v. GORDON.

HILL, Justice.

Edward F. Gordon brought a petition in Fulton Superior Court for habeas corpus against Vicki Lynn Thompson Gordon for custody of their children based on a Tennessee judgment awarding him custody. The superior court granted his petition. The mother appeals urging that the Tennessee judgment was procured by fraud, that the Tennessee court lacked jurisdiction, that the superior court abused its discretion in finding no material change of condition affecting the welfare of the children, and that the superior court erred in considering the evidence in the transcript of the Tennessee hearing.

The parties were divorced in Tennessee in 1974. The divorce decree gave the mother custody of the children. In 1975 the father brought a modification petition in Tennessee. The mother contends that she had established residence in Georgia and had returned to Tennessee solely because her former husband had obtained the children for visitation and had refused to return them to her. The mother's attorney accepted service of the modification petition, appeared on her behalf, and raised questions as to the Tennessee court's jurisdiction. The Tennessee court held that it had jurisdiction and transferred custody to the father.

The father brought this habeas corpus petition in Fulton Superior Court to enforce the Tennessee judgment. The mother made a motion to quash, urging that the Tennessee judgment was not entitled to full faith and credit because it was procured by fraud and because the Tennessee court lacked subject matter jurisdiction and jurisdiction over the mother.

1. Under the full faith and credit clause of the United States Constitution, a judgment of a foreign court will be enforced by the courts of this state. However, that judgment may be collaterally attacked where the foreign court lacked jurisdiction of the person or subject matter or where the judgment was procured by fraud. *Schowe v. Amster,* 236 Ga. 720 (1976); *Boggus v. Boggus,* 236 Ga. 126 (223 SE2d 103) (1976); *Barnett v. Barnett,* 191 Ga. 501 (13 SE2d 19) (1941); but see *Wood v. Wood,* 200 Ga. 796 (1)

(38 SE2d 545) (1946). In the case before us the mother attempts to attack collaterally the Tennessee judgment. However, these same jurisdictional issues were raised and decided against her in the Tennessee court, and therefore the Tennessee judgment must be given full faith and credit not only as to the change of custody but also as to the finding of jurisdiction. Dufree v. Duke, 375 U. S. 106, 111 (84 SC 242, 11 LE2d 186) (1963); *Green Acres Discount v. Freid & Appell,* 135 Ga. App. 816 (219 SE2d 39) (1975).

The mother's allegations of fraud in the procurement of the Tennessee judgment constitute only a characterization of the facts as to the manner by which the presence of the children and mother in Tennessee was procured, the means by which service of process was obtained, and the means by which jurisdiction was acquired.

Although the record does not show that such fraud was expressly alleged in defense of the Tennessee action, the record does show that if it was not raised, it could have been raised by the mother's attorney who appeared for her in the Tennessee court. The same facts which now are alleged as constituting fraud were the basis of the challenge to the Tennessee court's jurisdiction. Thus, if a foreign judgment may be set aside on the ground of fraud (see *Barnett v. Barnett* and *Wood v. Wood,* supra), this one cannot be. *Johnson v. Johnson,* 115 Ga. App. 749 (156 SE2d 186) (1967).

As much as child snatching is to be abhorred, full faith and credit must be accorded the Tennessee judgment under the facts of this case inasmuch as jurisdiction of a Tennessee resident may be acquired by Georgia courts by the same technique under our present law. See *Dearman v. Rhoden,* 235 Ga. 457 (1) (219 SE2d 704) (1975).

2. The mother argues that, assuming the Tennessee judgment is valid and entitled to full faith and credit, the superior court abused its discretion in finding no material change in condition since the Tennessee judgment awarding custody of the father.

No evidence of any change in condition or circumstances of the father affecting the welfare of the children was presented to the trial court. Thus it cannot be said that the court abused its discretion in retaining

custody in the father. The father's petition for habeas corpus was based on the Tennessee judgment awarding him custody. He was not seeking a change of custody and therefore there was no reason for him to submit evidence of his conduct as a parent.

3. The trial court did not err in allowing counsel for the father to refer to the transcript of the Tennessee modification hearing while cross examining the mother's witnesses.

*Judgment affirmed. All the Justices concur, except Ingram, J., who concurs in the judgment only.*

SUBMITTED APRIL 19, 1976 — DECIDED JUNE 30, 1976.

*Bell & Desiderio, Ruby Carpio Bell,* for appellant.
*Andrews & Myers, Robert E. Andrews,* for appellee.

