### 53808. COLODNY et al. v. DOMINION MORTGAGE & REALTY TRUST et al.

McMURRAY, Judge.

This case is similar on the law and the facts as that of *Colodny v. Krause,* 136 Ga. App. 379 (221 SE2d 239), in that a deficiency judgment was obtained in South Carolina arising out of the foreclosure of a mortgage covering real property (loan deed) in which the defendants were required to personally guarantee the loan. Plaintiff, Dominion Mortgage & Realty Trust (otherwise known as Dominion), sought summary judgment against the defendants Colodny and Feldman as to the judgment it was seeking to domesticate. The judgment was granted, and defendants appeal. *Held:*

1. Defendants do not challenge the validity of the foreign judgment but only dispute the dismissal of their counterclaims. However, under Code § 110-501 these matters should have been put in issue in the foreign court wherein the judgment was rendered. The doctrine of res judicata makes a prior judgment conclusive between the parties and their privies as to all matters put in issue or that might have been put in issue. *Henderson v. MARTA,* 236 Ga. 849, 851 (225 SE2d 424); *King v. Calhoun First Nat. Bank,* 136 Ga. App. 239 (220 SE2d 759); *Bauder Finishing &c. College v. Kettle,* 128 Ga. App. 422 (1) (197 SE2d 381); *Colodny v. Krause,* 136 Ga. App. 379, 380 (2), supra.

2. The judgment of the South Carolina court, having jurisdiction of the subject matter and the parties, cannot be collaterally attacked in the courts in this state on the ground of fraud. *Wood v. Wood,* 200 Ga. 796 (2) (38 SE2d 545); *Allied Productions v. Peterson,* 133 Ga. App. 187, 188 (210 SE2d 345); *Johnson v. Johnson,* 115 Ga. App. 749 (2) (156 SE2d 186). The only impeachment of the affirmed judgment as to fraud that is allowed is fraud of an

extrinsic nature, that is, fraud preventing one from having a real contest of the suit based on conduct or activities outside of the court proceedings themselves. The fraud here being intrinsic in nature it is totally insufficient to keep this court from according full faith and credit to the South Carolina judgment. See Fidelity Standard Life Insurance Company v. First National Bank & Trust Company of Vidalia, Georgia, 382 FSupp. 956, 963, and cits. (affirmed in 510 F2d 272, 5th Cir.).

3. The parties plaintiff herein being clearly shown to be the trustees of Dominion, it is axiomatic that they may bring an action thereon. *Ford v. Cook,* 73 Ga. 215 (4); also Code Ann. § 81A-117 (Ga. L. 1966, pp. 609, 629; 1968, pp. 1104, 1107). The lower court did not err in sustaining the motion for summary judgment.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

SUBMITTED MAY 2, 1977 — DECIDED JULY 6, 1977.

*Bell & Desiderio, Ruby Carpio Bell,* for appellants.
*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Tim Carssow, J. Paul Trouche,* for appellees.