## 56568. SHACKELFORD et al. v. CENTRAL BANK OF MISSISSIPPI.

BIRDSONG, Judge.

The appellee obtained a judgment against the appellant in the state of Mississippi, and instituted suit in Georgia to domesticate the Mississippi judgment. From the grant of summary judgment in favor of appellee, Shackelford appeals. *Held:*

1. Jurisdictional issues adjudicated in the foreign judgment may not now be raised. *Gordon v. Gordon,* 237 Ga. 171 (1) (227 SE2d 53). Similarly, "[t]he doctrine of res judicata makes a prior judgment conclusive between the parties and their privies as to all matters put in issue or that might have been put in issue. [Cits.]" *Colodny v. Dominion Mtg. &c. Co.,* 142 Ga. App. 730 (236 SE2d 917). See *Flagship Builders v. Sentinel Star Co.,* 143 Ga. App. 624 (2) (239 SE2d 235); *Colodny v. Krause,* 136 Ga. App. 379 (221 SE2d 239); *Green Acres Discount v. Freid & Appell,* 135 Ga. App. 816 (219 SE2d 39).

We also note that the transaction upon which the

Mississippi litigation was predicated involved the execution of a guaranty agreement, signed by appellants, which stated on its face: "The guaranty shall be performed according to the laws of the State of Mississippi, in which state it shall be performed by the undersigned [appellants]." Based upon the terms of the guaranty agreement, the Mississippi court's finding that the appellants had "conducted sufficient business within the State of Mississippi to be amenable to process in the State of Mississippi, all as provided by Section 13-3-57 [the Mississippi Long Arm Statute]," does not offend this state's policy. See Code Ann. § 24-113.1; *Shaw v. Cousins Mtg. &c. Investments,* 142 Ga. App. 773 (236 SE2d 919). Thus, appellant may not now attempt to collaterally attack the foreign judgment, which was not void on its face. The trial court did not err in adjudicating the Mississippi judgment in favor of appellee.

2. The Mississippi judgment against appellant ordered and adjudged that appellee "have and recover of and from [appellant], Hugh W. Shackelford, the sum of $201,448.65 together with legal interest." The appellant having been adjudged individually liable for this debt, there is no merit to his argument that the trial court erred in entering summary judgment against him in this amount without joining as parties other obligors on the indebtedness.

3. A foreign corporation is not required to obtain a certificate of authority to transact business in this state simply for the purpose of maintaining an action to domesticate a judgment, nor is such a certificate required where a foreign corporation enters this state solely for the purpose of "acquiring evidence of debt." Code Ann. § 22-1401 (b) (1), (7). Thus, even construing the evidence most favorably in behalf of appellant, who opposed at trial the appellee's motion for summary judgment, "it has not been shown that [appellee] was required to obtain a certificate of authority as a condition precedent to bringing this suit. [Cit.]" *LDH Prop. v. Morgan &c. Trust Co.,* 145 Ga. App. 132 (4) (243 SE2d 278).

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED SEPTEMBER 20, 1978 — DECIDED OCTOBER 30, 1978 — REHEARING DENIED DECEMBER 19, 1978 —

*Burt, Burt & Rentz, H. P. Burt,* for appellants.
*Leonard J. Spooner,* for appellee.