## 57469. CARL E. JONES DEVELOPMENT, INC. et al. v. WILSON.

DEEN, Chief Judge.

Carl E. Jones Development, Inc., and Carl E. Jones, individually, brought suit against appellee alleging that Wilson's act of filing a claim of lien against certain properties was a malicious abuse of legal process, that appellee made and signed a false lien in violation of Code Ann. § 26-2408, that appellee's suit filed in state court was a false claim for money owed for his work as a subcontractor and was a malicious abuse of process, and that appellee was liable to them for damages for breach of contract. Appellants bring this appeal from an order of the trial court granting Wilson's motion to dismiss for failure to state a claim.

1. Appellant contends that under the Civil Practice Act a pleading cannot be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff could prove any set of facts in support of his claim which would entitle him to relief. We agree with this contention, see *Cochran v. McCollum,* 233 Ga. 104 (210 SE2d 13) (1974), and will examine appellant's pleading with this rule in mind.

Two of the tort claims were based upon malicious abuse of process. In the first count, appellants claim that appellee filed a claim of lien against two of their properties and brought suit in the State Court of DeKalb County alleging that appellants refused to pay for work performed on the properties. In the present suit, appellants contend that appellee did not perform any work on one of the properties, that he executed a release as to the other, and that the act of filing a lien is a malicious abuse of civil process. We disagree. An action for malicious abuse of process lies when ". . . the plaintiff in a civil proceeding wilfully misapplies process of the court in order to obtain an objective such process was not intended by law to achieve." *Cooper v. Public Finance Corp.,* 146 Ga. App. 250, 254 (246 SE2d 684) (1978). As liens are a creature of statute and are in derogation of the common law, they must be strictly construed. *Shirah Contracting Co. v. Waite,* 143 Ga. App. 355 (238 SE2d 728) (1977)

(holding that a lien is not a pleading and is not amendable after three months have expired). Under Code Ann. § 67-2001 et seq., a lien attaches when a laborer performs work on real property. However, under § 67-2002 (2) and (3), it must be perfected within three months after either the completion of the work or the date materials are furnished and an action to recover the amount of the claim must be instituted within twelve months from the time labor and/or materials were last furnished. See *Whitley Constr. Co. v. Carlyle Real Estate,* 137 Ga. App. 113 (222 SE2d 895) (1975). Thus, we hold that a lien is not civil process and appellants do not state a claim upon which relief can be granted when they contend that the filing of a lien constitutes abuse of process.

Appellants' second count of malicious abuse of process alleges that Wilson's act of filing suit against him knowing that the claim was false constituted such a tort. "Malicious abuse of legal process occurs when a plaintiff in a civil proceeding wilfully misapplies the process of a court in order to obtain an object which the process is not intended by law to effect . . . The test is whether the process has been used to accomplish some unlawful end, or to compel the defendant to do some collateral thing which he could not legally be compelled to do. '. . . Regular and legitimate use of process, though with a bad intention, is not a malicious abuse of process.' " *Whitehead v. Southern Discount Co.,* 109 Ga. App. 126, 128 (135 SE2d 496) (1964). In the present case, appellants made no allegation that the process was unlawfully used after it was legally issued. Instead, they contend that appellee maliciously sued out civil process without probable cause. Therefore, any action they might have would lie for malicious use of civil process. *Cooper v. Public Finance Corp.,* supra. However, in order to recover for malicious use of process, appellants are required to allege that the first action has been terminated in their favor. *Cooper v. Public Finance Corp.,* supra. As appellants have not shown that Wilson's state court case terminated in their favor when they brought the second action, an action for malicious use of process will not lie.

In their third tort count, appellants allege that Wilson violated Code Ann. § 26-2408 (making false

statements), by making and signing a false lien, and, as a result, suffered damages to their professional reputation, to their relationship with their clients, and were forced to spend $500 to date for legal fees.

A contractor can be convicted of making false statements under Code Ann. § 26-2402 if he signs an affidavit referring to his construction work and swears that all labor, services and material have been fully and completely paid for. *Smith v. State,* 148 Ga. App. 634 (252 SE2d 62) (1979). Under Code Ann. § 26-2408, however, the offense is defined as knowingly making a false statement or representation " . . . in any matter within the jurisdiction of any department or agency of State government . . ." Construing the pleadings in favor of the appellants, we find that the reference to Code Ann. § 26-2408 was probably a typographical error and that they meant to refer to Code Ann. § 26-2402, and that appellants are actually stating a cause of action for libel or slander of title. Although under Code Ann. § 105-711,· allegations in pleadings are privileged even if false and malicious, this rule would not apply to a lien as it is strictly construed and is not a pleading. *Shirah Contracting Co. v. Waite,* supra. Accordingly, it was error for the trial court to dismiss this count of appellants' complaint.

2. Where the basis for the trial court's order in granting the motion to dismiss was to consider matters outside the pleadings and find that Jones had not asserted a compulsory counterclaim in the case pending before the State Court of DeKalb County, appellee's motion as to the breach of contract claim should have been treated as one for partial summary judgment and been disposed of as provided in Code Ann. § 81A-156. See *Hoffman v. PMC Development Co.,* 238 Ga. 258 (232 SE2d 541) (1977).

Appellant contends that the trial court erred in ruling that his breach of contract claim against appellee was a compulsory counterclaim in appellee's suit in state court because the corporation was not named as a defendant in that suit; it was brought against Carl E. Jones and Carlos Williams. Under Code Ann. § 81A-113 (a), "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has

again.t any opposing party, if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim *and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.*" (Emphasis supplied.) As there is no evidence in the record to show that Carl E. Jones Development, Inc., was subject to the jurisdiction of the State Court of DeKalb County, the trial court erred in its ruling and questions of fact remain on the breach of contract claim requiring resolution by a jury.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Shulman, J., concur.*

SUBMITTED MARCH 8, 1979 — DECIDED APRIL 19, 1979.

*Clifford H. Hardwick*, for appellants.
*David U. Crosby*, for appellee.