## 61513. PARIS v. COOPER.

DECIDED APRIL 7, 1981.

*John W. Chambers, John W. Chambers, Jr.,* for appellant.
*Kevin C. Greene, Robert L. Mote,* for appellee.

DEEN, Presiding Judge.

1. The note in question was given by the Georgia defendant, incident to his purchase of Florida real estate, as a part of the agreed

consideration in his Georgia contract with the plaintiff, a Georgia broker who had not complied with the Florida licensing law. The general rule is that if a broker is licensed according to the laws of the state where his contract of employment is made he may recover a commission notwithstanding he is not licensed according to the law of the situs of the property. 159 ALR, Anno., pp. 266, 274 (II-5). That such rule is applicable in this state is evident from *Tillman v. Gibson,* 44 Ga. App. 440 (2) (161 SE 630) (1931), a case on all fours with our present decision. There Gibson, a Georgia real estate broker not licensed in Florida, entered into a listing contract in Georgia with the owner of Florida land, and procured a purchaser who in the sale contract assumed the liability for brokerage commissions pursuant to which he executed a promissory note to Gibson. On failure to pay, Gibson brought the action, which met with the defense that the land was located in Florida, a state in which the plaintiff broker was not licensed, and under the laws of which contract for commissions would accordingly be null and void. This court held such argument invalid, since contracts not specifying otherwise are to be governed by the law of the place where they are made; the validity of the Georgia agreement is to be governed by Georgia Law, and, that being so, the purchaser contracting in Georgia to be liable for commissions earned by a Georgia broker will not be defeated merely because the broker was not licensed by the state of Florida where the land was located. Id., p. 443.

2. As they appeal on the motions for summary judgment, the facts of this case are as follows: Defendant Cooper had been a client of Paris for a number of years; Paris had acted as broker or consultant with Cooper in a dozen prior transactions and had instructions to notify him of real estate which he might have an interest in acquiring. Hearing that the tract of land here involved was for sale he informed Cooper, and furnished him with an appraisal and geological survey. Cooper then requested that Paris inspect the property, which he did, the parties agreeing that Cooper would be paid for his services as consultant 10 percent of the sale price. Paris performed a number of services in Georgia including working closely with Cooper's attorneys, obtaining a new property appraisal, setting up an earnest money escrow account, arranging for a survey, dealing with at least five banks in efforts to arrange financing, arranging for soil tests, etc. The sale contract was drawn up by Cooper's attorneys and signed by Cooper in Atlanta, and all closing documents were executed by Cooper in Atlanta. We have no hesitancy in ruling that Paris was entitled to a commission in accordance with his agreement with Cooper under Code § 84-1402 which provides in part that one acting in the capacity of a real estate broker *within this state* must first

obtain a Georgia real estate broker's license. To hold otherwise would be to require that no Georgia broker could enter into a Georgia contract regarding land in a foreign situs without being licensed in both states, since it is clear that Paris' actions in Georgia constituted a real estate brokerage transaction in this state. That Georgia recognizes the right of out of state brokers to make such contracts without subjecting them to double licensing demands is clear from *Mathews v. Greiner,* 130 Ga. App. 817 (204 SE2d 749) (1974). In that case, licensed Virginia brokers contracted in Virginia with Georgia landowners to find a Virginia purchaser for the tract. This court held that where there was a Virginia contract performance of which occurred in that state the Virginia brokers were entitled to commission in an action brought in Georgia. "We recognize that in the case at bar the Virginia plaintiffs did not obtain a Georgia license but they are not seeking to enforce a Georgia contract. Thus they do not come within our statutory sine qua non of doing business 'within any county of this State.' " Id., p. 820. Equally, where a Georgia broker contracts in Georgia with a resident of Georgia for service to be substantially performed in this state, he should not be barred from recovery under our law.

3. However, under West's F. S. A. §§ 475.01 and 475.42 defining the term real estate broker and rendering void any contract for remuneration by one not licensed by the State of Florida with regard to any of a lengthy series of acts such as assisting in the procuring of prospects or the negotiation of any transaction resulting in a sale within the state, it was held in Paris v. Hilton, supra, that Paris' acts in inspecting the Florida property at Cooper's direction, making telephone calls to the sellers, Hilton & Associates, to discuss terms of sale, preparing a letter at Cooper's direction offering to purchase the property, furnishing information to Cooper's Georgia attorneys who were preparing the sale contract and attending the closing in Cooper's absence added up to illegally acting as a real estate broker in Florida and accordingly rendered all notes and agreements on the part of Cooper to reimburse Paris for his services "void as a matter of public policy." This decision arose from a cross claim filed in a Florida mortgage foreclosure action, and insofar as it referred to money realized from the foreclosure (another part of the plaintiff's compensation had been so structured), we are not called upon to make any decision regarding its propriety.

But as to the $75,000 note from Cooper to Paris, it appears that this in personam action was litigated in the Florida court along with the mortgage foreclosure. While the Florida pleadings are not included in this record, the Florida Circuit Court judgment held that that note was "declared unenforceable, cancelled, and of no force and

effect." It thus appears, as contended, that that judgment as affirmed by the Florida court constitutes an estoppel by judgment. Indeed, it closely resembles Harnischfeger Sales Corp. v. Sternberg Dredging Co., 189 Miss. 73, 191 S. 94. There the seller commenced a mortgage foreclosure on property in Louisiana. Sternberg, the buyer, appeared and defended on the ground of breach of warranty. A judgment was entered against it both on the mortgage and on a $16,000 purchase money note. The judgment on the note was stricken by the Louisiana Supreme Court on the ground that the proceeding was in rem. 179 La. 317, 154 S. 10. The seller then brought suit on the note in Mississippi, the state of residence of the defendant, resulting in a final ruling by the Supreme Court of that state that the issue of breach of warranty had been adjudicated in the Louisiana case. This appears to be a majority view, and if followed, would by itself demand an affirmance of the purchaser's summary judgment holding the note void.

Additionally, we are faced with the question of the full faith and credit to be given the Florida decision. "Under the full faith and credit clause of the United States Constitution, a judgment of a foreign court will be enforced by the courts of this state," three exceptions being lack of jurisdiction of the person or subject matter or fraud in procuring the foreign judgment. *Gordon v. Gordon,* 237 Ga. 171 (227 SE2d 53) (1976). None of these appears here. We cannot agree with the appellant that the Florida statute is penal within the meaning of the rule that a sister state need not give full faith and credit to a judgment based on a penal statute of another state.

Therefore, although we are of the firm opinion that the contract in question would have been upheld in the Georgia courts in the first instance, and that the Florida decision is both discriminatory and erroneous, we have no option but to affirm the summary judgment of the trial court denying recovery on the note.

*Judgment affirmed. Banke and Carley, JJ., concur.*