### 63858. CROSBY v. WENZOSKI et al.

SHULMAN, Presiding Judge.

This appeal is from the trial court's grant of summary judgment in favor of appellees in this action to domesticate a California default judgment against appellant in the amount of $101,022,365. Appellant also seeks review of the denial of his motion for judgment on the pleadings and of the trial court's dismissal of his counterclaim based upon alleged fraud in the procurement of the California judgment.

On or about March 15, 1979, appellant's secretary received in appellant's law office in Atlanta a certified letter containing a summons, amended and supplemental complaints, two copies of a notice and acknowledgement of receipt form, and a self-addressed return envelope, all of which pertained to a class action instituted against appellant and other defendants in the Superior Court of California for Marin County. Appellees sought damages in the amount of $74,367,002.97 and accrued interest in the amount of $24,382,791.03. The summons, admittedly received in appellant's office on March 15, 1979, provided in part: "To the Defendant: A civil complaint has been filed by the plaintiff against you. If you wish to defend this lawsuit, you must, within 30 days after this summons is served on you, file with this court a written response to the complaint. Unless you do so, your default will be entered on application of the plaintiff, and this court may enter a judgment against you for the relief demanded in the complaint . . ." The notice and acknowledgment of receipt provided in part: "This summons and other document(s) indicated below are being served pursuant to Section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it to me within 20 days may subject you . . . to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law . . . this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. Section 415.30 provides that this

summons and other document(s) are deemed served on the date you sign the acknowledgment of receipt below, if you return this form to me."

Appellant took no action to answer or otherwise formally respond to the California action. He did speak by telephone with appellee's California counsel shortly after receipt of the summons. He stated in an affidavit filed with the trial court that the language contained in the notice and acknowledgment of receipt form led him to believe that he was not legally bound to sign the acknowledgment and that his execution of the acknowledgment was a prerequisite to effective service.

California counsel for appellees filed with the Superior Court of Marin County on March 20, 1979, a proof of service form stating that service of the "Summons, Complaint & Acknowledgment of Receipt" on appellant had been perfected by registered mail and, pursuant to California Code § 415.40, attached the return receipt to the proof of service. A default judgment against appellant was issued by the Superior Court of Marin County on September 13, 1979. The judgment included the principal and pre-judgment interest stated above and $2,272,571 in additional accrued interest.

On December 17, 1979, appellant filed in the Superior Court of Marin County a motion to vacate default and set aside the judgment of September 13, 1979. The motion was based "on the grounds that the defendant . . . has not been properly served and consequently a default cannot be entered against him." Appellees opposed the motion, relying in part on the interpretations of Cal. Code §§ 415.30 and 415.40 in Shoei Kako Co. v. Superior Court, 33 Cal. App. 3d 808 (109 Cal. Rptr. 402); and M. Lowenstein & Sons v. Superior Court, 80 Cal. App. 3d 762 (145 Cal. Rptr. 814). On February 14, 1980, the Superior court of Marin County issued an order without opinion denying appellant's motion to vacate and set aside. The record before this court does not indicate that any appeal was taken from the latter order.

Appellees subsequently filed this action seeking to domesticate the September 13, 1979, judgment. The trial court granted appellees' motion for summary judgment, denied appellant's motion for judgment on the pleadings, and dismissed appellant's counterclaim. Appellant charges on appeal that the trial court erred in granting appellees' motion for summary judgment on the following grounds: (1) the California judgment was procured by fraud and is, therefore, not entitled to full faith and credit in Georgia; (2) the California judgment is null and void due to lack of personal jurisdiction over appellant; and (3) the California judgment, allegedly procured by fraud, without personal jurisdiction over appellant, and in

contravention of Georgia public policy, constitutes a denial of due process. Appellant charges that the trial court erred in denying his motion for judgment on the pleadings, since the California procedures for obtaining personal jurisdiction employed in his case allegedly contravene Georgia public policy. Finally, appellant attacks the trial court's dismissal of his counterclaim allegedly based on fraud.

1. Appellant initially argues that he can now successfully attack the California judgment because it was procured by means of extrinsic fraud on the part of appellees' California counsel in connection with service of the complaint and summons on appellant. He argues that, although the complaint was allegedly served pursuant to Cal. Code § 415.30, California counsel for appellees represented to the court that service on appellant had been perfected pursuant to Cal. Code § 415.40. In other words, he argues that he was "misled" into believing that proper service had not been effected while the court was "misled" into believing that proper service had been effected.

Cal. Code § 415.40 provides: "A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by any form of airmail requiring a return receipt. Service of a summons by this form of mail is deemed complete on the 10th day after such mailing." It is undisputed that appellant received a copy of the complaint and summons by certified mail with a return receipt. Consequently, it appears clear that appellant was served in accordance with the express terms of § 415.40, as represented to the court by appellees' California counsel. However, appellant argues that he was actually served pursuant to § 415.30, which provides that a copy of a complaint and summons may be served on the defendant by first class mail or air mail and accompanied by two copies of a notice of service and acknowledgment of receipt of summons containing language identical to that contained in the notice and acknowledgment of receipt form actually received by appellant on March 15, 1981, and quoted in the statement of facts above. He now contends that the appellees' conflicting representations to him and the court, respectively, constitute fraud in the manner in which service, and ultimately the judgment, was procured, thus permitting the judgment to be ignored by Georgia courts. We disagree.

Even assuming that appellant has stated facts sufficient to support an allegation of extrinsic fraud in the service of the California complaint and summons, which we do not believe appellant has done, we fail to see how the present attempt to attack collaterally the

California judgment differs substantially from the attempt to attack collaterally the Tennessee judgment in *Gordon v. Gordon,* 237 Ga. 171 (227 SE2d 53). In that action, the mother attempted to attack collaterally a Tennessee judgment awarding custody of her child to the child's father. The attack was based on the ground that service of process in the Tennessee court was obtained through fraud. The Supreme Court rejected an attack on the judgment based on alleged fraud and lack of jurisdiction. "Under the full faith and credit clause of the United States Constitution, a judgment of a foreign court will be enforced by the courts of this state. However, that judgment may be collaterally attacked where the foreign court lacked jurisdiction of the person or subject matter or where the judgment was procured by fraud. *Schowe v. Amster,* 236 Ga. 720 (1976); *Boggus v. Boggus,* 236 Ga. 126 (223 SE2d 103) (1976); *Barnett v. Barnett,* 191 Ga. 501 (13 SE2d 19) (1941); but see *Wood v. Wood,* 200 Ga. 796 (1) (38 SE2d 545) (1946). In the case before us the mother attempts to attack collaterally the Tennessee judgment. However, these same jurisdictional issues were raised and decided against her in the Tennessee court, and therefore the Tennessee judgment must be given full faith and credit not only as to the change of custody but also as to the finding of jurisdiction. Dufree v. Duke, 375 U. S. 106, 111 (84 SC 242, 11 LE2d 186) (1963); *Green Acres Discount v. Freid & Appell,* 135 Ga. App. 816 (219 SE2d 39) (1975)." *Gordon v. Gordon,* supra, p. 171.

Specifically addressing the question of fraud, the court in *Gordon* stated that the "mother's allegations of fraud in the procurement of the Tennessee judgment constitute only a characterization of the facts as to the manner by which the presence of the children and mother in Tennessee was procured, the means by which service of process was obtained, and the means by which jurisdiction was acquired . . . [Consequently,] [t]he same facts which now are alleged as constituting fraud were the basis of the challenge to the Tennessee court's jurisdiction." Id., p. 172. This was true, even though the record failed to disclose "that such fraud was expressly alleged in defense of the Tennessee action, [because] the record does show that if it was not raised, it could have been raised by the mother's attorney who appeared for her in the Tennessee court." Id.

Just as in *Gordon,* the allegations of fraud in the present case relate solely to the method by which service was allegedly perfected. The same facts allegedly supporting the claim of fraud were before the California court in connection with appellant's attempt to vacate and set aside the judgment on insufficiency of service and lack of personal jurisdiction grounds. The present case fits squarely within

the rule enunciated in *Gordon.*

Appellant urges that *Colodny v. Dominion Mtg. &c. Trust,* 142 Ga. App. 730 (236 SE2d 917), compels a different result. However, *Colodny* merely stated that the "only impeachment of the affirmed judgment as to fraud that is allowed is fraud of an extrinsic nature, that is, fraud preventing one from having a real contest of the suit based on conduct or activities outside of the court proceedings themselves." Id., p. 730. *Colodny* cited Fidelity Std. Life Ins. Co. v. First Nat. Bank &c. of Vidalia, 382 FSupp. 956, affd. 510 F2d 272 (5th Cir. 1975). In the latter case, the court stated that "[i]ntrinsic fraud is unavailing as the basis of collateral attack. It consists of fraudulent acts that pertain to an issue involved in the original action which was litigated or could have been litigated therein." Id., p. 963. Thus, the question of whether fraud is classified as "extrinsic" or "intrinsic" will generally depend upon whether it pertained to an issue raised or which could have been raised in the original action. This squares with the rule in *Gordon,* which prevents collateral attack of a judgment allegedly procured by fraud if the fraud was or could have been discovered and raised in the court of rendition.

2. Likewise, appellant may not now collaterally attack the California judgment on the grounds that the court lacked personal jurisdiction over him or that service was effected improperly. This issue was raised and decided by the Superior Court of Marin County on appellant's motion to vacate and set aside. "[A] judgment is entitled to full faith and credit — even as to questions of jurisdiction — when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment." Dufree v. Duke, 375 U. S. 106, 111 (84 SC 242, 11 LE2d 186). See also *Gordon v. Gordon,* supra, p. 171; *Green Acres Discount v. Freid & Appell, Inc.,* 135 Ga. App. 816 (219 SE2d 39); *Allied Prod. v. Peterson,* 133 Ga. App. 187 (210 SE2d 345); *Shackelford v. Central Bank,* 148 Ga. App. 494 (251 SE2d 569).

We are unconvinced by appellant's contention that he was not afforded a full and fair opportunity to litigate the issues concerning jurisdiction and process. The only fact mentioned by appellant in this regard is that he raised those questions only after judgment and was not given the benefit of pre-trial discovery. He has demonstrated no actual prejudice to his ability to litigate the issues fully and fairly, and we will not presume such prejudice in the absence of some showing to that effect. The mere fact that the issues upon which the attacks were made were first raised after judgment does not indicate that the issues were not fully and fairly litigated. Appellant has cited no case to support his position in this regard, although we note several cases

in which the process and jurisdiction issues were not raised until after judgment, or by special or limited appearance, with no opportunity for pre-trial discovery. See, e.g., Baldwin v. Iowa State Traveling Men's Assn., 283 U. S. 522 (51 SC 517, 75 LE 1244); *Green Acres Discount v. Freid & Appell, Inc.,* supra, p. 816; *Allied Prod. v. Peterson,* supra, p. 187.

"Jurisdictional issues adjudicated in the foreign judgment may not now be raised. [*Gordon,* supra.] Similarly, '[t]he doctrine of res judicata makes a prior judgment conclusive between the parties and their privies as to all matters put in issue or that might have been put in issue. [Cits.]'" *Shackelford v. Central Bank,* supra, p. 494. As the California judgment is entitled to full faith and credit and was res judicata as to the issues of process, jurisdiction, and fraud, the trial court properly granted appellees' motion for summary judgment.

3. Appellant's third ground of attack on the California judgment charges that the procedures used in California to effect service of process and obtain personal jurisdiction contravene the public policy of this state. Appellant's argument is grounded upon the proposition that Georgia public policy abhors any attempt to obtain personal jurisdiction over a defendant through any means other than personal service.

We do not agree with appellant's contention that the method of service employed in the California action, i.e., by registered mail, contravenes the public policy of this state sufficiently to prevent granting full faith and credit to the California judgment. See *In the Interest of M.A.C.,* 244 Ga. 645, 650 (261 SE2d 590), upholding the constitutionality of a Georgia service by mail provision, Code Ann. § 24A-1702 (a). The courts in both *Boggus v. Boggus,* supra, and *Daniel v. Daniel,* 222 Ga. 861 (152 SE2d 873), cited by appellant, could address the jurisdictional questions raised by the parties challenging the foreign judgments, since those questions had not been raised and adjudicated in the foreign courts. Neither case stands for the proposition that service by mail is so repugnant to the public policy of Georgia that it renders unenforceable a foreign judgment otherwise requiring full faith and credit. Furthermore, the mere fact that a foreign law or procedure does not have a counterpart in this state does not render unenforceable a foreign judgment obtained pursuant to that law or procedure. *Colodny v. Krause,* 136 Ga. App. 379, 380 (221 SE2d 239). See also *Paris v. Cooper,* 158 Ga. App. 212, 215 (279 SE2d 507). This enumeration of error is without merit, and the trial court did not err in granting appellees' motion for summary judgment and denying appellant's motion for judgment on the pleadings.

4. Appellant's 4th enumeration of error charges that the foreign judgment allegedly procured by fraud, without personal jurisdiction,

and in contravention of Georgia public policy constitutes a denial of due process. We have already determined, however, that we cannot consider the merits of appellant's claims that the judgment was procured by fraud and without jurisdiction over his person. We have also determined that the judgment does not stand in contravention of Georgia public policy. Consequently, this enumeration of error is without merit.

In his brief, however, appellant attacks the propriety of service and equates the method of service employed by the California court with a denial of due process. To the extent that he is merely attempting to challenge collaterally the method of service on due process grounds, he is barred by the California judgment, wherein all questions concerning jurisdiction and service of process were or could have been raised and litigated. See *Gordon v. Gordon,* supra, p. 171, and other cases cited in Divisions 1 and 2 above of this opinion.

5. Appellant's final enumeration of error challenges the trial court's grant of appellees' motion to dismiss his counterclaim. Appellant argues that the counterclaim sounds in fraud and is proper under Code Ann. § 105-301 et seq. The counterclaim merely states that "[a]ny judgment obtained by plaintiffs in this action was procured through fraud and such fraud and bad faith has injured defendant-counterclaimant . . ."

Appellees argued in the trial court that the counterclaim was essentially one for malicious use of process, which requires successful termination of the action giving rise to the claim. See *Carl E. Jones Dev., Inc. v. Wilson,* 149 Ga. App. 679, 680 (255 SE2d 135). Although we disagree with this characterization of the counterclaim, we agree that it was properly dismissed.

In *Allied Prod. v. Peterson,* supra, p. 188, this court upheld the dismissal of a counterclaim for fraud in the procurement of a foreign judgment. "A judgment of a court of a foreign state having jurisdiction of the subject matter and the parties cannot be collaterally attacked in the courts of this state on the ground of fraud. [Cits.]"

Furthermore, the "fraud" on which appellant bases his counterclaim relates to facts placed before the California court on appellant's motion to vacate and set aside. "[T]he doctrine of res judicata makes a prior judgment conclusive . . . as to all matters put in issue or that might have been put in issue." *Shackelford v. Central Bank,* supra, p. 494.

Additionally, we do not believe that appellant can support a claim for fraud under the facts of this case. The specific procedure for effecting service employed in this case was held proper in Shoei Kako Co. v. Superior Court, supra. It is clear that even a

"misrepresentation as to the status of the law, or as to a matter of law, or as to its effect upon the subject matter of a contract is a statement of opinion only and can not afford a basis for a charge of fraud or deceit . . ." *Charter Medical Mgt. Co. v. Ware Manor, Inc.,* 159 Ga. App. 378, 383 (283 SE2d 330). We are at a loss to see how the non-malicious employment of a specific procedure sanctioned by the law of the state in which it is employed can give rise to a cause for fraud. Accordingly, the trial court did not err in dismissing appellant's counterclaim.

*Judgment affirmed. Quillian, C. J., concurs. Carley J., concurs specially.*

DECIDED OCTOBER 14, 1982 —
REHEARING DENIED NOVEMBER 4, 1982 — 

*Mark V. Spix, Spencer J. Krupp,* for appellant.
*Woodrow W. Vaughan, Jr., David N. Schaeffer,* for appellees.

CARLEY, Judge, concurring specially.

Although the majority has eloquently expounded the law applicable to this case, my concurrence in the judgment is with reticence simply because I believe the result to be unjust, albeit demanded by the authorities cited. Specifically, I am constrained to agree with the result because, and only because, of the decisions requiring full faith and credit not only to the substantive issues raised in the foreign court, but also to that court's determination of jurisdictional issues which, as here, were raised in the foreign forum by the party now attacking jurisdiction. I concur with the same uneasiness which I perceive was felt by this court in *Paris v. Cooper,* 158 Ga. App. 212 (279 SE2d 507) (1981): "Therefore, although [I am] of the firm opinion that the . . . [California] decision is both discriminatory and erroneous, we have no option but to affirm the summary judgment of the trial court . . ." *Paris,* supra at 215.