66729. INTERNATIONAL SYSTEMS, INC. v. BLADEN COUNTY, NORTH CAROLINA.

QUILLIAN, Presiding Judge.

This is an appeal from an action to domesticate and enforce a default judgment obtained against International Systems, Inc. (ISI), a Georgia business corporation, in a North Carolina court. The plaintiff, Bladen County, is a political subdivision of the State of North Carolina. Plaintiff filed suit in Bladen County, North Carolina, on June 13, 1980, against the defendant. Jurisdiction over the defendant corporation was based upon the North Carolina long arm statute. Service of process was made upon defendant by certified mail to its registered agent in Georgia. Joseph H. Hale is the president and registered agent for service of process on ISI. The certified letter addressed to "J. H. Hales" was received and signed for by a receptionist in Hale's office. ISI failed to answer and default judgment was entered against it on July 18, 1980. Defendant filed a motion to set aside the default judgment on April 22, 1981 in the North Carolina court. The motion was denied and defendant filed a notice of appeal which was dismissed on September 4, 1981.

On February 12, 1982, plaintiff filed this action to domesticate and enforce the default judgment entered against ISI on July 18, 1980. Defendant answered and claimed, inter alia, the North Carolina court lacked jurisdiction over the person of defendant or the subject matter of the action. It was also asserted that there was an insufficiency of process and insufficiency of service of process. Both parties moved for summary judgment. The trial court granted plaintiff's motion and denied the defendant's motion. The defendant brings this appeal. *Held:*

1. It is alleged that the trial court erred in concluding that ISI was precluded from attacking the North Carolina judgment for lack of personal jurisdiction over the defendant. We do not agree. "A collateral attack upon a petition to domesticate a foreign (sister state — rather than a non-domestic) judgment that it was based on lack of personal jurisdiction is precluded in this state only if the defendant has appeared in the foreign court and has thus had an opportunity to

litigate the issue." *Maxwell v. Columbia Realty Venture,* 155 Ga. App. 289 (1) (270 SE2d 704). Under the full faith and credit clause of the United States Constitution, a judgment of a foreign court will be enforced by courts of this state. However, that judgment may be collaterally attacked where the foreign court lacked jurisdiction of the person or subject matter. *Gordon v. Gordon,* 237 Ga. 171 (1) (227 SE2d 53). "When a party appears and defends [in the foreign court], the judgment of [that] court, regular upon its face, may not be attacked in the courts of this state. [Cit.] And where the question of jurisdiction is raised in the foreign court and decided adversely to a party, he may not collaterally attack this determination." *Green Acres Discount, Inc. v. Freid & Appell, Inc.,* 135 Ga. App. 816, 817 (219 SE2d 39). Yet, if the defendant fails to appear at trial but makes a post-judgment appearance and moves to set aside the judgment, the issues raised and decided adversely to him in the post-judgment hearing by a foreign court of otherwise competent jurisdiction, is conclusive, res judicata, and may not be collaterally attacked in the Georgia court. Id. at 819; accord: *Allied Productions v. Peterson,* 133 Ga. App. 187 (210 SE2d 345).

In *Crosby v. Wenzoski,* 164 Ga. App. 266 (296 SE2d 162), a case in which the appellant's secretary signed for a certified letter containing a summons and complaint in a California action, the appellant did not answer or otherwise formally respond. Default judgment was taken against him and he filed a motion to set aside and to vacate the default on the ground he had not been properly served. The trial court denied his motion without opinion. In an appeal to this court from the action to domesticate the judgment in Georgia, he contended the California court was without jurisdiction and the judgment was procured by fraud. We held that "[t]he same facts allegedly supporting the claim of fraud were before the California court in connection with appellant's attempt to vacate and set aside the judgment on insufficiency of service and lack of personal jurisdiction grounds [Id. at 269] . . . [A]ppellant may not now collaterally attack the California judgment on the grounds that the court lacked personal jurisdiction over him or that service was effected improperly. This issue was raised and decided by the Superior court [in the foreign state] on appellant's motion to vacate and set aside [Id. at 270] . . . 'Jurisdictional issues adjudicated in the foreign judgment [including post-judgment motions] may not now be raised . . . As the California judgment is entitled to full faith and credit and was res judicata as to the issues of process, jurisdiction and fraud, the trial court properly granted appellees' motion for summary judgment.' " Id. at 271.

Accordingly, the jurisdictional issue in the instant case —

including sufficiency of process and service of process being raised in the post-judgment motion in the foreign court, and decided adversely to the defendant, is res judicata and binding upon the trial court under the full faith and credit clause of the U.S. Constitution. Durfee v. Duke, 375 U. S. 106 (84 SC 242, 11 LE2d 186).

2. Similar issues raised in Enumerations of Error 3 through 6 are controlled by Division 1, supra.

3. The defendant complains that the Georgia trial court erred in concluding that ISI was subject to the jurisdiction of the North Carolina court because "ISI established minimum contacts with North Carolina . . ." We find no harmful error. The North Carolina complaint alleged that ISI was subject to the jurisdiction of the trial court because the "defendant corporation, by and through its agents, servants and employees were physically present within the State of North Carolina, did . . . negotiate and enter into a written contract . . . and did thereafter actually provide and perform services for plaintiff" as contemplated and provided for in the North Carolina long arm staute. Thus, the issue of ISI being subject to North Carolina jurisdiction under its long arm statute because of "minimum contacts" theory was pleaded and proven in the default judgment taken by Bladen County in the trial court in North Carolina.

"Jurisdictional issues adjudicated in the foreign judgment may not now be raised. *Gordon v. Gordon,* 237 Ga. 171 (1) (227 SE2d 53). Similarly, '[t]he doctrine of res judicata makes a prior judgment conclusive between the parties and their privies as to all matters put in issue or that might have been put in issue.' " *Shackelford v. Central Bank of Miss.,* 148 Ga. App. 494 (1) (251 SE2d 569). In the case before us, the "minimum contact" issue being settled in the original trial court in North Carolina, it was entitled to full faith and credit in the Georgia court and the fact that it reached a similar conclusion is not material.

4. The trial court did not err in granting summary judgment to Bladen County and in denying ISI's motion for summary judgment.
*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 8, 1983 —
REHEARING DENIED OCTOBER 6, 1983.

*Charles A. Ratz, John C. Gray,* for appellant.
*David P. Hartin,* for appellee.